### ALEX WAHLBERG *vs.* CORNELIUS F. BOWEN & another.

Middlesex.    November 23, 1917. — February 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability.    *Election.    Workmen's Compensation Act,* Defence of election of remedy under.

In an action by an employee of a firm of masons against the members of a firm of teamsters for personal injuries alleged to have been sustained by reason of the negligence of a driver of the defendants, whom the plaintiff was helping to back his team, the defendants contended that the plaintiff had elected to recover compensation from the insurer of his employers under the workmen's compensation act. It appeared that the plaintiff's employers were insured under the act and that persons injured in their employ were taken to a certain hospital, to which the plaintiff was taken after his injury, that the plaintiff was treated at the hospital for over nine weeks and paid all charges of the hospital except for the two weeks following his injury. It appeared that the services for the first two weeks were charged by the hospital to the plaintiff's employers and were not paid. The plaintiff was not asked to pay for the services for the first two weeks. The plaintiff testified that he knew what his rights were under the workmen's compensation act, but he did not know who sent for the ambulance that took him to the hospital and it did not appear in evidence who sent for it. It did not appear that the plaintiff knew that his employers were insured under the act. *Held,* that there was no evidence for the jury that the plaintiff had elected to accept the benefits of the workmen's compensation act.

TORT for personal injuries sustained by the plaintiff on February 5, 1914, when the plaintiff was in the employ of Dickson and Turnbull, a firm of masons engaged in setting stone at the Widener Memorial Library of Harvard College at Cambridge, by reason of the alleged negligence of a driver of the defendants, who were the members of a firm of master teamsters that delivered stone to be set up by the plaintiff's employers. Writ dated October 29, 1914.

The defendants' amended answer alleged "that, if it shall appear that the plaintiff ever received any injuries while in the exercise of due care owing to the defendants' negligence, the plaintiff was at the time of the alleged accident in the employ of a concern known as Dickson and Turnbull, who were insured under the workmen's compensation act, so called, in the Frank-

fort General Insurance Company, and that the plaintiff has proceeded against said insurance company for compensation under the said act; wherefore the plaintiff may not proceed against the defendants in this action."

In the Superior Court the case was tried before *Wait*, J. The bill of exceptions stated that "The issue of the defendants' negligence and the plaintiff's relation to the situation at the time of the accident was submitted to the jury under instructions not excepted to." The evidence on the issue, whether the plaintiff had lost his rights against the defendants by accepting compensation benefits under the workmen's compensation act from the insurer of his employers, is described in the opinion.

The judge, against the plaintiff's objection, submitted to the jury the issue in regard to the workmen's compensation act, concluding his charge on this subject as follows: "If you believe that the plaintiff accepted free to himself medical services for the first two weeks after the accident, recognizing that it was furnished him under the workmen's compensation act, he has thereby chosen or proceeded to choose the benefit of the workmen's compensation act, and cannot himself thereafter recover against the defendants."

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

The case was submitted on briefs at the sitting of the court in November, 1917, and afterwards was submitted on briefs to all the justices except *Loring*, J.

*H. R. Bygrave & G. E. Kimball,* for the plaintiff.

*E. C. Stone,* for the defendants.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff while in the employ of Dickson and Turnbull, a firm that was engaged in setting stone at the Widener Memorial Library in Cambridge. The defendants were teamsters whose teams delivered the stone to be set, and the plaintiff was injured while assisting the defendants' driver, at his request, in backing the driver's team.

The plaintiff contended that his injuries were caused by the negligence of the driver; while it was the contention of the defendants that the driver was not negligent, that the accident was due to the negligence of the plaintiff, and that he was a volunteer.

The defendants also contended that the plaintiff had elected to recover compensation from the insurer of his employers under the workmen's compensation act (St. 1911, c. 751, Part III, § 15, as amended by St. 1913, c. 448, § 1), and therefore could not maintain this action against the defendants.

The presiding judge, subject to the exception of the plaintiff, submitted to the jury the question whether the plaintiff had elected to accept the benefits of the act. The plaintiff contended that there was no evidence of such an election.

In addition to certain money payments to which an injured employee is entitled under the workmen's compensation act, it was provided, at the time the plaintiff was injured, that "During the first two weeks after the injury, the association shall furnish reasonable medical and hospital services, and medicines when they are needed." St. 1911, c. 751, Part II, § 5. It was held in *Panasuk's Case,* 217 Mass. 589, that medical and hospital services and medicines are a part of the compensation to which the employee is entitled.

Upon the question whether the plaintiff had elected to proceed under the act and had thereby lost his rights against the defendants, it appeared in evidence that the plaintiff's employers were insured under the workmen's compensation act with the Frankfort General Insurance Company; that immediately after the accident the plaintiff was taken in an ambulance to the Cambridge Relief Hospital. The plaintiff testified that persons injured in the employ of Dickson and Turnbull were taken to that hospital. He was treated at the hospital for over nine weeks and paid all charges of the hospital except for the two weeks following the injury. He further testified that he knew what his rights were under the workmen's compensation act; that he was visited about a week after he was hurt by representatives of the employers' and of the defendants' insurer, and saw an attorney of his employers' insurer some time after the accident; that "somebody told him and he knew that he would get compensation, that is he would get medical bills for two weeks and half his pay as long as he was laid up."

While it appears that the plaintiff's employers were insured under the act with the Frankfort General Insurance Company, it does not appear that the plaintiff knew that fact; he knew

that persons injured in the employ of Dickson and Turnbull were taken to the Cambridge Relief Hospital, but he did not know who sent for the ambulance in which he was taken there; and it did not appear in evidence.

Although he paid all the hospital charges except for the first two weeks, there is nothing to show that the treatment for these weeks was charged to the insurer or that the accident was ever reported to it. On the other hand, there was undisputed evidence that services for the first two weeks were charged by the hospital to Dickson and Turnbull and had not been paid.

The fact, that the plaintiff did not pay the hospital for services rendered him during the first two weeks, is not evidence that he elected to proceed under the act; he did not refuse to pay for these services, — he has never been asked to pay for them, — and it does not appear that the hospital authorities ever regarded him as responsible therefor, or that he knew that either the employer or the insurer was to pay such charges, or that they had been charged to his employer. On the other hand, it expressly appears that the services were not rendered on behalf of the insurer or charged to it. It may be conceded that he knew what his rights were under the act, — he so testified; still such knowledge would not be a bar to recovery in this action, unless the evidence shows that the service was furnished under the workmen's compensation act, and that he did something or so acted as to indicate that he had exercised his option to obtain compensation thereunder.

As there is no evidence to indicate an election by the plaintiff, it was error to submit that question to the jury for their determination. And, as the verdict for the defendants may have been rendered by reason of the finding of the jury upon this question without reference to the evidence upon the other issues in the case, the entry must be

*Exceptions sustained.*