In the Matter of the Estate of GEORGE H. HERTELL, Deceased.

Surrogate's Court, New York County, August 23, 1929.

*Carter, Ledyard & Milburn* [*Leslie D. Dawson* of counsel], for the administratrix.

*E. C. Sherwood* [*William B. Davis* of counsel], for the claimant.

O'BRIEN, S. This is an accounting proceeding by Julia F. Hertell, the widow of the above-named intestate. A question as to distribution of the sum of $7,343.25 is presented for decision. There is no objection to the account and the question raised is solely one of law by reason of the following facts:

The intestate died September 3, 1926, a resident of New York county, and left him surviving his widow, the accountant, and an adult daughter, Lelia M. Weismiller. His death was caused by injuries received in a railway accident in Detroit on September 2, 1926. The name of this railway is Monroe and Toledo Shore Line Railway, a Michigan corporation.

Aside from any right of action he might have by reason of the negligence of the railway company in causing his death, he left an estate of $3,187.20 in this jurisdiction. The funeral expenses amounted to $1,345.40; debts, $1,793.41, and administration expenses, $116.90. He was a traveling salesman for Mills & Gibb, a New York corporation, and the said corporation was carrying compensation insurance pursuant to the New York State Workmen's Compensation Law with the Travelers Insurance Company. Shortly after his death the widow filed a notice of his death and a claim for compensation with the Workmen's Compensation Bureau which claim was thereafter allowed and the Travelers Insurance Company directed to pay to the widow $20.77 every two weeks. These payments of compensation have been made regularly by the Travelers Insurance Company down to date. Thereafter the widow retained an attorney in Michigan and started an action against the railway company for negligently causing the death of the intestate. The railway company was at that time in bankruptcy and subject to the control of the United States District Court. A settlement was finally made with the receiver and on March 30, 1928, they agreed to pay $8,000, subject to the approval of our Surrogate's Court and the United States District Court. These approvals were thereafter duly obtained and after taking out the expenses she received as *ancillary administrator* in Michigan $7,411.74, which she turned over to herself as *administrator* in New York.

Our State law, section 130 of the Decedent Estate Law,* authorizes the maintenance of an action for death in favor of surviving widow or next of kin. Section 133 directs that the damages recovered are exclusively for the benefit of the wife and next of kin and must be distributed as if they were unbequeathed assets, after taking out the expenses of the settlement, funeral bill, commissions, etc.

---

* Dec. Est. Law, §§ 130, 133, 134, added by Laws of 1920, chap. 919. Derived from Code Civ. Proc. §§ 1902, 1905.— [REP.

Section 134 defines the term " next of kin " as those persons entitled to share under section 98 of the Decedent Estate Law (as amd.); in this case one-third part to the widow and two-thirds to the child. It is contended, however, by the insurance company that as the cause of action accrued under the *Michigan law*, which is similar to our law, except that their Statute of Distributions gives *one-half* to the widow and *one-half* to the children, the distribution should be made accordingly. The situation becomes further complicated by section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499), which provides that an election must be made either to take compensation or retain the right to sue for damages, and that if compensation is taken (which was done in this case by the widow) the awarding of such compensation operates automatically as an assignment of any cause of action against the defendant to the State if the employer is insured in the State Fund, or to the corporation or insurance company which is to pay the compensation. The surety company contends that as they are paying the compensation under the statute the widow should not be allowed double recovery for the one injury and that they are entitled as assignee to one-half of the proceeds of the sum received by her as a result of the suit she brought in Michigan.

The administratrix contends that all of the property belongs to her as administratrix along with the other general assets of the estate and should be distributed under the New York law, one-third to her and two-thirds to the daughter, and argues that section 29 of the Workmen's Compensation Law has no extraterritorial effect and does not operate to cause an assignment of the proceeds of this action to be made to the insurance company.

It is my opinion and I hold (1) that the assignment effected by the operation of the statute (section 29 of Workmen's Compensation Law) applies to any action brought in this or any other State. And (2) as the money is now within this *jurisdiction* to be distributed by the widow as administratrix appointed by this court that said statute controls the distribution and that the one-third which she would be entitled to receive should be paid to the insurance company pursuant to section 29 of the Workmen's Compensation Law and section 98 of the Decedent Estate Law. Proceed accordingly.