## No. 14,016.

### KING *v.* O. P. BAUR CONFECTIONERY COMPANY.
#### (68 P. [2d] 909)

Decided May 17, 1937. Rehearing denied June 7, 1937.

Mr. Isaac Mellman, for plaintiff in error.

Mr. William E. Hutton, Mr. B. B. McCay, for defendant in error.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

The parties here are in the same position as in the court below and we shall refer to them as plaintiff and defendant. Plaintiff, on November 9, 1934, while employed by the American District Telegraph Company, to whom we shall hereafter refer as the employer, in the course of checking certain apparatus of his employer, on the premises of the defendant, fell into an unguarded ashpit thereon and received critical burns. He was immediately taken to a hospital for treatment. Plaintiff and his employer were both subject to the provisions of the Workmen's Compensation Act and, pursuant to the requirements of this act, in apt time the employer reported the accident to the Industrial Commission. Thereafter the employer prepared the plaintiff's wage history on the form prescribed by the commission, which form was presented to the plaintiff for his signature, and signed by him. This wage history, together with an admission of liability, signed by the employer and the employer's insurance carrier, Hartford Accident and Indemnity Company, were filed with the commission on November 22, 1934. The admission of liability was forthwith stamped: "Approved, subject to further claim according to law," and initialed by the statistician for the Industrial Commission. Pursuant to the admission of liability the insurance carrier paid to the plaintiff the sum of $12.97 per week, being 50 per cent of the average weekly wage shown by

the wage history. These payments commenced as of November 19, 1934, and continued until May 6, 1935, and were regularly received and receipted for by the plaintiff. The insurance carrier also paid all medical and hospital bills contracted in connection with plaintiff's injury in the total sum of $688.80. On May 9, 1935, the plaintiff wrote a letter to the Industrial Commission stating that it was his intention to pursue his remedy against the defendant and that notice of his intention was given to the commission in accordance with the provisions of the act and particularly section 4461, C. L. 1921. On May 10, the commission, through one of its referees, upon the basis of plaintiff's letter, wrote to the insurance carrier as follows: ''We are advised that the claimant is electing to pursue his remedy against the third party. We are closing this case.'' No further action was taken by the Industrial Commission, no further payments were made by the insurance carrier, and the plaintiff at no time filed a claim for compensation with the Industrial Commission. On June 26, 1935, the plaintiff commenced this action for damages in tort against the defendant. On the trial of the cause the court directed a verdict for the defendant upon its motion on the ground that under the provisions of section 4461, supra, any cause of action the plaintiff might have against the defendant, by operation of law, had been assigned to the insurance carrier and thereby the plaintiff had no right to maintain this action in his own name and right.

Under the pleadings and a stipulation of the parties as to the essential facts, the correctness of the ruling of the trial court is the only question to be determined.

Section 4461, supra, in so far as it is material here, reads as follows: ''If any employe entitled to compensation under this act be injured or killed by the negligence or wrong of another not in the same employ, such injured employe or in the case of death, his dependents, shall before filing any claim under this act, elect in writing

whether to take compensation under this act or to pursue his remedy against such other. Such elections shall be evidence in such manner as the commission may by rule or regulation prescribe. If such injured employe, or in case of death, his dependents, elect to take compensation under this act, the awarding of compensation shall operate as and be an assignment of the cause of action against such other to the industrial commission of Colorado if compensation be payable from the state compensation insurance fund, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation; * * *."

Before the claim of a compensable employee against a third person is assigned by operation of law to the insurance carrier under the provisions of section 4461, supra, there must first have been an election in writing by the employee to the effect that he will take compensation under the act, and, secondly, the awarding of compensation to him. The defendant contends that the acts of the plaintiff in signing the wage history form, accepting and receipting for the payments made by the insurance carrier, constituted an election on his part to come under the act and that the approval of the admission of liability on the basis of the wage history furnished by the employer and signed by the plaintiff constituted an awarding of compensation within the meaning of the statute, and thereby effectuated a complete assignment of the alleged cause of action to the insurance carrier.

The defendant also asserts that by receiving and receipting for the payments mentioned, the plaintiff is estopped to deny that the action of the commission in approving the admission of liability was not an awarding of compensation.

In the consideration of these questions it must be borne in mind that a different situation exists here, especially with reference to election and estoppel, than would be the case where an injured employee sought to enforce his common-law liability against his employer after the trans-

actions here disclosed with the Industrial Commission and insurance carrier had transpired. As the matter stands the defendant is a third party to the proceeding. This distinction is well pointed out by Mr. Justice Hilliard, who delivered the opinion of this court in the case of *Froid v. Knowles,* 95 Colo. 223, 36 P. (2d) 156, in the following words, page 226: "What plaintiff received from or through his employer resulted from relation; what he seeks from defendant is based on the latter's alleged fault. To the Workmen's Compensation Act, the purpose of which is 'to determine, define and prescribe the relations between employer and employe,' defendant was as a stranger. 'An outsider does not share the burdens of the act, imposed upon the employer, and he is entitled to none of its benefits.' *Hotel Equipment Co. v. Liddell,* 32 Ga. App. 590, 124 S. E. 92."

The general rule on this subject is stated in 71 C. J., p. 1547, section 5187, as follows: "Where the act provides that the injured workman shall elect whether to take under the act or to seek a remedy against a person not in the same employ whose negligence was the cause of the injury and that such election shall be in advance of suit, the provision for election in advance of suit is for the benefit of the state in the administration of the accident fund, and not for the benefit of the third person, * * *."

Numerous cases have been decided by courts of last resort on questions of the procedure to be followed in the enforcement of third party liability, but the statutes of the various states differ so widely in their terms and provisions that the decisions based upon such statutes are not greatly helpful to us in the interpretation of the Colorado Act.

The parties, however, are seemingly in concurrence on the proposition, as the statute clearly indicates, that the "awarding of compensation" is the effective force which assigns the cause of action by operation of law. The determination, therefore, of the question of whether or not there was here in fact an awarding of

compensation is necessarily decisive. As we have indicated, the act of a statistician of the Industrial Commission in approving the admission of liability, which was accompanied by the wage history signed by the plaintiff, is relied upon by the defendant as amounting to the awarding of compensation. It is certain that this informal approval does not constitute such a final award of the commission as would be subject to review by a court. The defendant concedes this, but claims that the above mentioned action of the statistician under Rule 11 of the commission, created a condition whereby the insurance carrier was bound to continue the payments unless relieved from this responsibility by a further order of the commission. Notwithstanding this we do not believe that these circumstances amount to an "awarding of compensation" as contemplated by section 4461, supra. The rules of procedure of the Industrial Commission, as adopted and promulgated under authority of the Workmen's Compensation Act (Rule 11), recognize three different situations under which compensation is to be paid. First, by admission; second, by order; or, third, by award. The case here is clearly one where liability was established by admission as distinguished from cases where the liability was imposed by order or award and might be defined more correctly as a "voluntary paying of compensation" rather than as an "awarding of compensation."

The right of election insured to an injured employee, who may have a cause of action in tort against a third party, undoubtedly contemplates the opportunity for deliberation followed by some affirmative action on his part before he can be said to have elected to take compensation. The only act contributed by the plaintiff to the alleged award of compensation in this case was the signing of the wage history which had been prepared and was tendered to him apparently either by his employer or by the insurance carrier. Under Rule 10 of the Industrial Commission it is required that "admission of liabil-

ity for compensation must be accompanied by or contain a statement showing the basis of computing the average weekly wage." So it could be said that in signing this form the plaintiff was not affirmatively pressing his claim for compensation, but was assisting his employer and the insurance carrier in doing the thing the law required them to do.

Rule 13 of the Industrial Commission adopted pursuant to the express provisions of section 4461, supra, in relation to what shall constitute the election therein given, provides, in part: "The filing of any claim by a claimant under the compensation act as provided by section 87, in those cases where the employee is injured or killed by the negligence or wrong of another, * * * shall constitute the written election of the claimant to take compensation under the compensation law."

Certainly the acts of the plaintiff cannot be construed as constituting the filing of a claim for compensation under the rule nor be considered the written election contemplated by the statute itself.

Where no award of compensation has been made, as we have determined the fact to be here, an action by the injured employee against a third party is not precluded by the receipt of payments from the employer or the insurance carrier. This seems to be the general rule in states where the operative agency in the assignment of a cause of action is the awarding of compensation, as is the case in Colorado. 71 C. J., p. 1543, §1582; *Godfrey v. Brooklyn Edison Co.*, 187 N. Y. S. 263; *Sifkowitz v. International Ry. Co.*, 249 N. Y. 565, 164 N. E. 585; *Hodges v. Bewley Truesdale C. Co., Inc.*, 247 N. Y. S. 414.

Neither does the mere acceptance of medical, surgical or hospital aid by the employee constitute an election to take compensation. 71 C. J., p. 1545, §1584; *Wahlberg v. Bowen*, 229 Mass. 335, 118 N. E. 645; *Harloff v. Merwin*, 172 Wis. 30, 177 N. W. 913.

Of interest in this connection is the case of *Liston v. Hicks*, 277 N. Y. S. 19. There the injured employee did

not claim compensation, but his employer filed a report of the accident with the commission. The commission sent a blank form of claim for compensation to the employee who signed the form and returned it, and later received a check for compensation which he cashed. Subsequently, without notice to the employee, a hearing was had and the commission made a formal award. After this award was entered the employee sought a rehearing at which he learned for the first time that he had a right of action against the third person for causing his injuries. He thereupon offered to return the compensation and the commission rescinded the award and remitted the employee to his remedy against a third person. Under a statute similar to ours the reviewing court held that the employee had not elected to take compensation and was not divested of his cause of action against the third party.

 Likewise we are satisfied, that whatever may be the situation as between the plaintiff and his employer and the insurance carrier, no question of estoppel arises as between the plaintiff and the third party defendant.

Cases of the character of the *Independence Co. v. Taylor,* 97 Colo. 242, 48 P. (2d) 798, to the effect that a completed bona fide settlement between the employer or insurance carrier and the injured employee, informally approved by the commission, is equivalent to an award or judgment reached upon evidence, have no bearing in the case at bar, since there is no evidence here of any arrangement equivalent to a final settlement. Furthermore, the case mentioned is between the employer and insurance carrier and the employee.

Neither do we believe the New York cases of *Lunn v. Andrews,* 274 N. Y. S. 432, or *Breital v. Hinderstein,* 258 N. Y. S. 237, 236 App. Div. 203, are helpful to the defendant. In the first case there was a definite and formal award of compensation made by the commission and the reviewing court simply held that this award acted as an assignment of the cause of action of the employee against a third party and the estoppel was applied because of

the fact of such award. In the Breital v. Hinderstein case, supra, the injured employee sought, first, to enforce his common-law right against a third person, and thereafter discontinued this action and claimed compensation. It was held that the election evidenced by bringing suit was binding upon the plaintiff and he could not later assert his right for compensation. To the same effect is the case of *Industrial Commission v. Schaefer Realty Co.*, 98 Colo. 445, 56 P. (2d) 51.

The judgment is accordingly reversed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HOLLAND concur.