## No. 15,409.

### DRAKE ET AL. *v.* HODGES.
(161 P. [2d] 338)

Decided June 18, 1945.   Rehearing denied August 10, 1945.

Messrs. ENOS, DITTMAN & MORRATO, Mr. J. F. MEADOR, for plaintiffs in error.

Messrs. WOLVINGTON & WORMWOOD, Mr. FRED A. VIDEON, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BAKKE delivered the opinion of the court.

EVIE FAYE HODGES, defendant in error, plaintiff below, brought this action to recover damages for the death of her husband, allegedly caused by the negligent operation of a truck driven by Verne Decker, one of the plaintiffs in error, an alleged employee of Drake, the other plantiff in error, both being defendants below. After certain alleged defenses were stricken and issues joined, trial was to a jury which returned a verdict in favor of the plaintiff in the sum of $5,000, and judgment was entered accordingly. Plaintiffs in error seek reversal of the judgment. We shall refer to the parties as they appeared below, or by name.

The accident, which resulted in the death of Mr. Hodges, occurred twenty-seven miles north of Craig, in Moffat county, Colorado, about 5:00 o'clock p.m., July 3, 1941, when the Buick car in which he was riding was struck by a gravel truck owned by Drake and operated by Decker. The state highway department had leased, and was operating, several trucks, including the one involved in the collision, and just prior to the accident several of them—the drivers of which had completed their work for the day—were being driven in a southerly direction towards Craig. The men were apparently anxious to arrive at their destination, and there was evidence that the drivers of the Drake truck and another had been racing; that Decker had pulled out of his line of traffic to his left to pass the truck ahead of him; that suddenly the Hodges car appeared over the brow of a hill traveling north, i.e., coming toward Decker; that Decker tried to resume his place in the line of traffic, but, deciding he could not do so, pulled over farther to the left in an attempt to get into the adjacent borrow pit; that in doing so he struck the Buick car, Hodges being instantly killed. There is no doubt that Hodges was proceeding at a rapid rate of speed, but as to

whether he was exceeding the speed limit, the evidence was in conflict, and the skid marks from the tires on his auto indicated that he did try to slow his car down sufficiently to avoid the accident.

At the time of his death, Hodges was an employee of a Wyoming Oil Company and was returning to Casper. His widow applied for, and received, compensation under the pertinent Wyoming act. She also had an agreement with the Wyoming Industrial Accident Fund whereby she was to reimburse it from the proceeds of any judgment collected in this suit.

The present action was brought by Mrs. Hodges, the widow, under the Colorado statute concerning damages for death occasioned by negligence. '35 C.S.A., c. 50.

Defendants stress three points of their specifications for reversal: 1. Plaintiff, having elected to claim compensation under the Wyoming act, cannot maintain this suit. 2. Hodges was guilty of contributory negligence as a matter of law. 3. Decker was not acting as an employee of Drake at the time of the accident.

■■ 1. On the general proposition that a person who has a cause of action against a third party tortfeasor for damages for wrongful death or injury does not lose or waive it by exercising another right based on a claim for workmen's compensation, is settled beyond dispute in this jurisdiction. *King v. O. P. Baur Confectionery Co.*, 100 Colo. 528, 68 P. (2d) 909; *Riss & Co., v. Anderson*, 108 Colo. 78, 114 P. (2d) 278; *Wilson v. Smith*, 110 Colo. 68, 130 P. (2d) 1053; *Donley v. Denver & Salt Lake R. R. Co.*, 111 Colo. 358; 141 P. (2d) 899. Concededly, this right inures to the plaintiff in this case by virtue of the statute, chapter 50, supra, and under it, during the first year after the accrual of the cause of action, the right to sue is hers to the exclusion of anyone. *Hindry v. Holt*, 24 Colo. 464, 51 Pac. 1002.

■ More specifically with regard to defendants' contention that this action was not brought by the real

party in interest or for the benefit of those entitled to share in recovery under the Colorado statute, we believe they are in error. The tort was committed in Colorado and no common-law right existed to bring such an action. The sole right is based on the Colorado statute, chapter 50, '35 C.S.A., which gives a right of action to the wife of decedent. Had plaintiff established jurisdiction over defendants and brought suit in a Wyoming court, the action still would have been based upon, and governed by, the Colorado statute and could only have been brought by the widow as therein provided. *Walsh v. Boston & Maine Railroad,* 201 Mass. 527, 88 N.E. 12; *Loucks v. Standard Oil Co.,* 224 N.Y. 99, 120 N.E. 198. Accordingly, the judgment in Colorado would have been res judicata as to any subsequent' action in Wyoming.

Assuming the facts to be as alleged in the stricken defenses, plaintiff's husband, the victim of the accident, was employed in the state of Wyoming; plaintiff applied for and, when this action was brought, was receiving compensation from the Wyoming Industrial Accident Fund for his death; if she did not remarry she ultimately would receive $3500, and, together with the children, would receive a total of more than the $5,000 maximum recovery for which provision is made under our statute. However, only a small part of such compensation had been received at the time of the bringing of the action; its receipt would be in small monthly payments over a term of years and would be contingent upon marriage or death as to whom payable; consequently, unless inhibited by workmen's compensation statutes, the widow was both a proper and a necessary party to the action.

The purpose of workmen's compensation acts is to provide an award of compensation in favor of injured employees, and to protect all workmen save those specifically excluded from their provisions. *Sechler v. Pastore,* 103 Colo. 139, 84 P. (2d) 61; *Consolidated Fast*

*Freight v. Walker*, 103 Colo. 347, 85 P. (2d) 720. They do not concern rights of action by employees against third party tort-feasors, except as to the proper allocation of the amounts recovered under such actions equitably between the employee and the employer. *Riss & Co. v. Anderson*, 108 Colo. 78, 114 P. (2d) 278. Our Colorado Workmen's Compensation Act provides that the election to take compensation and the awarding of compensation shall operate as an assignment of any cause of action against such third party tort-feasor to the insurance carrier, but no such provision in the Wyoming act is called to our attention, and in the case at bar, the Wyoming statute unquestionably applies. Colo. S.L. '41, c. 243, §1; Wyo. S.L. '41, c. 47, §1. These amendatory acts have resolved the uncertainty as to the extraterritorial effect of the Wyoming statute. The Wyoming act provides that in case of injury under circumstances creating a legal liability in a third party tort-feasor, the employee shall not be deprived of his compensation, but, "He may also pursue his remedy at law against such third person, provided that he shall not be entitled to a double recovery, and in the event that such employee recovers from such person, he shall be entitled to retain only the excess over any compensation paid to him, and must reimburse the industrial accident fund for all moneys advanced to him for such injury, less not to exceed twenty-five per cent for its share of the costs of such recovery. * * * In case the injury causes the death of the employee, the rights and remedies set forth in this section shall inure to the personal representatives of such employee for the benefit of his or her dependents." Wyo. S.L. '39, p. 166, c. 103, §1. We find no construction of this provision of the statute by the Wyoming courts, but it seems apparent that it does not purport to set up a right of action against the third party tort-feasor, but only to declare that the acceptance of compensation shall not deprive the injured party of any such right of action otherwise existing. Had the acci-

dent here under consideration occurred in Wyoming, this right of action would have been under the Wyoming statute providing that it should inure to the personal representatives of the deceased person for the benefit of his or her dependents, but it having occurred in Colorado, the action was properly and necessarily brought in the name of the wife of decedent. Whether, had it sought to intervene, or made application for joinder, the insurer might have been a proper party, we are not called upon to determine. The applicable Wyoming statute as pleaded does not provide for subrogation; the insurer was not a necessary party, and under the statute it can only look to the proceeds of the judgment in the hands of plaintiff for reimbursement of any amount of money it has paid out. *In re Hertell's Estate,* 237 N.Y.S. 655, cited by defendants, is suggestive as to how the Wyoming court having jurisdiction of the decedent's estate might require accounting by the widow of the proceeds of the judgment obtained, but that question is not of concern here either to defendants or to this court.

2. The record does not support the contention that Hodges was guilty of contributory negligence as a matter of law. Even if he was violating the speed limit, the testimony concerning which was in conflict, the negligence would have been no more than prima facie, and unless it was the proximate cause of the accident, it still would not preclude recovery if the negligence of Decker was the proximate cause, and where there is reasonable doubt as to the proximate cause, it is a matter to be determined by the jury under proper instructions. In this case the jury was instructed: "In the case of a collision between vehicles a presumption of negligence arises against the driver who was on the wrong side of the road at the time of the collision although such presumption is not a conclusive presumption." Counsel made no objection to this instruction, and we approved a similar one in *Larson v. Long,* 74

Colo. 152, 219 Pac. 1066, except that nothing was said in that instruction as to the presumptions being conclusive. See, also, *Martin v. Carruthers,* 69 Colo. 464, 195 Pac. 105. Hodges had a right to assume that his side of the road would be clear. *Muehlbauer v. Klockner,* 161 Wis. 410, 154 N.W. 624; *McComas v. Clements,* 137 Kan. 681, 21 P. (2d) 895; *O'Malley v. Eagan,* 43 Wyo. 233, 2 P. (2d) 1063. Whatever claim Decker might have had to justify his being on the left side of the road, the jury might have concluded he lost it by racing on the highway when there were several trucks ahead in his line of traffic. We think the matter of contributory negligence was properly left to the jury.

3. Defendants' theory that Decker was not an employee of Drake also is not supported by the record. It is conceded that Drake owned the truck, and that during the working day it was under temporary bailment to the highway department, but the evidence also shows that at the time of the accident, Decker had finished his work for the day, and was under duty to Drake to return the truck to the trailer camp at Craig that night. The record also discloses that Drake could have discharged Decker at any time. Decker was also supposed to look after minor repairs on the truck. Drake's arrangement with the highway department was that he would furnish the truck and the driver. This is sufficient evidence concerning Decker's actual employer to justify submitting the question to the jury. In *Industrial Commission v. Aetna Life Ins. Co.,* 88 Colo. 82, 292 Pac. 229, in a very similar situation, we held that the driver was the employee of the owner of the truck. While that was an industrial commission case the opinion says that on conflicting evidence the finding is akin to that of a jury and "in both the finding must stand." Conceding that a different problem would confront us had the accident occurred while the truck driven by Decker was being used by the highway department, defendants' witness Tom Ledgerwood, foreman of the

highway crew, stated that his direction and supervision of the drivers ceased when "they dumped their last load." Therefore, even assuming that Decker was not an employee of Drake during the working day, the jury was justified in finding that at the time of the accident he was such an employee. As to whether the joining of Drake as a party defendant was prejudicial to Decker we make no comment, because the joinder was proper under Rule 20 (a) R.C.P. Colo. The case of *Irvin v. Blair*, 100 Colo. 349, 68 P. (2d) 28, upon which counsel rely in this connection, is not controlling, because that case turns on the exclusion of certain evidence, a question not involved here, and the decision therein was announced prior to our present rules. In addition, by instruction number eight, the court specifically advised the jury that it could not find against Drake unless it found that Decker was his agent and acting within the scope of his employment at the time of the accident.

Accordingly, the judgment is affirmed.

MR. JUSTICE BURKE and MR. JUSTICE STONE concur.