Mrs. Byron W. THOMAS, Guardian-Trustee of the Estate of Byron W. Thomas, Ward, Plaintiff,

v.

FARNSWORTH CHAMBERS CO., Inc., a Texas corporation, Defendant.

William V. LAIRD, Plaintiff,

v.

FARNSWORTH CHAMBERS CO., Inc., a Texas corporation, Defendant.

Civ. A. Nos. 6481, 6482.

United States District Court
D. Colorado.

May 12, 1960.

Tarter & Tarter, Colorado Springs, Colo., for plaintiffs.

Dawson, Nagel, Sherman & Howard, Raymond J. Turner, Denver, Colo., for defendant.

CHILSON, District Judge.

The same counsel appear for the plaintiffs and defendants in each of the above actions, and counsel have elected to consolidate the two actions for the purposes of the disposition of the motions to dismiss the complaints filed on behalf of the defendants. Identical points of law are involved in each of the cases.

The defendant was a general contractor engaged in construction work at the Air Force Academy near Colorado Springs. The defendant subcontracted a portion of the work to the C. Wallace Plumbing Company. Each plaintiff was an employee of the subcontractor. Each plaintiff was injured in the course of employment. Each plaintiff received workman's compensation benefits by virtue of insurance carried by the subcontractor. Each plaintiff brings action against the principal contractor for their injuries, alleging the injuries were proximately caused by the negligence of the principal contractor, the defendant herein.

A motion to dismiss the action was filed by the defendant in each case on the ground that the complaint failed to state a claim against the defendant upon which relief can be granted. The question involved is whether or not an employee of a subcontractor, who has elected to receive workman's compensation benefits under insurance carried by the subcontractor, may maintain an action against the principal contractor for damages for the injuries sustained.

This question is to be determined by a construction of the Workmen's Compensation laws of the State of Colorado.

The pertinent parts of the Workmen's Compensation Act are as follows:

Section 81–3–2, C.R.S.1953, states:

"Liability of employer complying. —Any employer who has elected to and has complied with the provisions of this chapter, including the provisions relating to insurance, shall not be subject to the provisions of section 81–3–1; nor shall such employer be subject to any other liability whatsoever for the death of or personal injury to any employee, except as provided in this chapter; and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common law rights and remedies for and on account of such death of, or personal injury to any such employee and accruing to any and all persons whomsoever, are hereby abolished except as provided in this chapter."

Section 81–9–1, C.R.S.1953, states in essence:

"Lessor or contractor-out deemed employer—liability—recovery. Any person, company or corporation * * conducting any business by * * * contracting out any part or all of the work thereof to any * * * subcontractor, * * * shall be construed to be and be an employer as defined in this chapter, and shall be liable * * * to pay compensation for injury * * * resulting therefrom to said * * * subcontractors and their employees, and such employer as in this section defined, before commencing said work, shall insure and shall keep insured his liability as herein provided and such * * * subcontractor as well as any employee of such * * * subcontractor, shall be deemed employees as defined in this chapter. Such employer shall be entitled to recover the cost of such insurance from said * * * subcontractor, and may withhold and deduct the same from the contract price * * * or other money due,

owing or to become due said * * * subcontractor. If said * * * subcontractor * * * shall himself be an employer as defined in this chapter in the doing of such work and shall before commencing said work insure and shall keep insured his liability for compensation as herein provided then such person, company or corporation operating, engaged in or conducting said business shall not be subject to the provisions of this section."

Section 81–13–8, C.R.S.1953, states in part as follows:

"Negligence of stranger—election of remedies—subrogation—actions —compromise.—If any employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, before filing any claim under this article, shall elect in writing whether to take compensation under this chapter or to pursue his remedy against such other. * * "

From the latter section of the statute it is clear that the legislature thereby reserved to an injured employee a right to proceed against a stranger to the employment by way of an action for damages.

It is equally clear from the provisions of the first section of the statute above quoted that one standing in an employer relationship with the injured person is exempt from such actions.

The question here involved requires a construction of § 81–9–1, C.R.S.1953, set forth in part above.

From a reading of this section it is quite evident that the Colorado legislature imposed upon the principal contractor the obligation to see to it that the employees of the subcontractor were insured under the act. This obligation it could discharge by its insuring those employees, in which event it could charge the cost thereof against the subcontractor. The principal contractor could also discharge this obligation by seeing to it that the subcontractor provided the insurance. However, according to the construction of this section by this Court, if the subcontractor failed to carry the insurance or allowed the insurance to lapse, the principal contractor would be construed to be the employer of the employees of the subcontractor, and would be liable to such employees in case of injuries, for compensation under the act.

Thus it appears quite clear that if in this case the principal contractor had provided the insurance, there would be no question but that the principal contractor would be considered the employer of the plaintiffs, and under § 81–3–2, C.R.S. 1953, above quoted, would be exempt from these actions.

The plaintiffs contend, however, that when the principal contractor elected to have the subcontractor furnish the insurance for the protection of its employees, that there no longer existed an employer-employee relationship between the principal contractor and the plaintiffs as employees of the subcontractor, and in support of this argument plaintiffs point to the latter portion of § 81–9–1, C.R.S. 1953, which states in effect that if the subcontractor shall himself be an employer and shall keep his liability for compensation insured, then the principal contractor "shall not be subject to the provisions of this section."

Hence plaintiffs contend that in these cases there does not exist any employer-employee relationship between the principal contractor and these plaintiffs, but that the principal contractor is a stranger to the employment and that the plaintiffs may maintain these actions under provisions of § 81–13–8, C.R.S.1953, above quoted.

Counsel have cited decisions of the Colorado Supreme Court, among which are Hartford Accident & Indemnity Co. v. Clifton, 117 Colo. 547, 190 P.2d 909; Riss & Co. v. Anderson, 108 Colo. 78, 114 P.2d 278; King v. O. P. Baur Confectionery Co., 100 Colo. 528, 68 P.2d 909; Drake v. Hodges, 114 Colo. 10, 161 P.2d

338; Froid v. Knowles, 95 Colo. 223, 36 P.2d 156. The Court has considered these cases and also the recent decision of the Colorado Supreme Court in Chartier et al. v. Winslow Crane Service Co., 350 P.2d 1044. These cases do not determine the precise question presented here.

Counsel have also cited authority from other jurisdictions which appear to be in conflict.

This Court is of the opinion that the proper construction of § 81–9–1, supra, is that there exists between the principal contractor and the employees of a subcontractor an employer-employee relationship irrespective of whether the insurance is provided by the principal contractor or the subcontractor; and that the principal contractor is not a stranger to the employment.

The Court is further of the opinion that the employer-employee relationship imposed by the statute between the principal contractor and the employees of the subcontractor does not terminate when the necessary insurance is provided by the subcontractor. If for any reason the insurance provided by the subcontractor should not compensate the injuries of the employee of the subcontractor (as for example, a lapse of the policy or a cancellation of the policy for any reason) the obligation of the principal contractor to pay the compensation would continue. If no insurance were in force at the time of the injury, it is the opinion of the Court that the principal contractor would be personally liable for the compensation or benefits due the injured employee, increased by 50%, under the provisions of § 81–5–7, C.R.S.1953.

The legislature having imposed upon the principal contractor an employer relationship with employees of its subcontractor, and the consequent obligation of assuring to the employees of its subcontractor compensation for injuries arising out of that employment, the only reasonable inference is that the legislature intended that the principal contractor should have the benefits accruing to an employer under the act, namely: exemption from actions for damages.

The fact that the legislature permitted the principal contractor to discharge this obligation by having the subcontractor provide the insurance, does not change the basic fact that the principal contractor is at all times responsible for the compensation of injuries of the subcontractor's employees.

Recently (April, 1959) the Tenth Circuit Court of Appeals construed the effect of a similar provision of the Oklahoma Workmen's Compensation Act, 85 O.S. 1951 § 1 et seq. In that case, Cities Service Company contracted with Procon, Inc., for the erection of a refinery. The plaintiff, Burk, who was an employee of Procon, Inc., was injured in the course of his employment and was awarded workman's compensation, which was paid. Burk then brought suit against the Cities Service Company as a third party tortfeasor under the provisions of § 44 of the Oklahoma Workmen's Compensation Act, which is very similar to § 81–13–8 of the Colorado statute.

The trial court sustained a motion to dismiss the complaint on the grounds that the compensation awarded precluded maintenance of the action. The Circuit Court of Appeals sustained the action of the trial court, and in so doing stated in part as follows:

"Section 11 of the Oklahoma Workmen's Compensation Act, supra, provides in effect that an independent contractor shall be liable for compensation due his direct employees, and furthermore, imposes a contingent or secondary liability on a principal employer for compensation due all such employees if he fails to require his independent contractor to comply with the Workmen's Compensation Law. * * *

"The immunity from the common-law liability derives from the principal employer's secondary liability for workmen's compensation under Section 11 to employees of an independent contractor. And, this is ap-

768

parently so even if the independent contractor has complied with the Workmen's Compensation Act and the injured employee has been duly compensated thereunder." Burk v. Cities Service Oil Co. of Delaware, 10 Cir., 266 F.2d 433, 434.

The Court is of the opinion that the motions to dismiss the complaints should be sustained.

It is therefore ordered that the motions to dismiss the complaints in Civil Actions Nos. 6481 and 6482 be and the same are hereby granted, and it is the judgment of this Court that the complaints in said Civil Actions Nos. 6481 and 6482 be and the same are hereby dismissed, and the defendant shall have judgment in each of said cases for its costs to be taxed by the Clerk of the Court.