## No. 19,517.

LIBERTY MUTUAL INSURANCE COMPANY, ET AL. *v.*
INDUSTRIAL COMMISSION OF COLORADO, ET AL.

(359 P. [2d] 4)

Decided January 30, 1961. Rehearing denied February 20, 1961.

Messrs. McComb, Zarlengo & Mott, for plaintiffs in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by Mr. Justice Moore.

Plaintiff in error, to whom we will refer as the carrier, is before this court on writ of error seeking to reverse a judgment of the district court which sustained an award in favor of George J. Hoffman entered by the Industrial Commission in proceedings under the Workmen's Compensation Act.

Hoffman, the claimant, sustained an injury on April 8, 1957, which admittedly arose out of and in the course of his employment by Publix Cab Company. The accident was allegedly caused by the negligence of third parties who were not engaged in the same employment as the claimant.

Shortly after the accident occurred it was reported to the commission, and the carrier filed an admission of liability. The claimant received hospitalization, payment of medical bills and payment of total permanent disability benefits for a short time. These benefits were paid voluntarily by the carrier. Hoffman did not "elect in writing" whether to take compensation or pursue his

remedy in a tort action. No claim was filed by Hoffman before the Industrial Commission; no hearings were had by it; and no award of benefits was ordered by the commission until September 30, 1959, at which time an award was made for permanent partial disability.

Following the accident Hoffman filed an action against the third persons whose negligence allegedly caused his injuries. Unknown to and without the consent of the carrier, Hoffman settled this case for the sum of $3,500.00 and executed and delivered his full release for all claims arising out of the accident. This settlement was made April 14, 1959.

About the time the settlement was made Hoffman filed medical reports with the commission and petitioned that body to conduct a hearing to determine the amount of partial permanent disability which he had suffered and to award benefits as provided by the pertinent provisions of the Workmen's Compensation Act. The commission granted the petition, conducted a hearing, and awarded the claimant benefits based upon a finding that he had suffered partial, permanent disability of 10% as a result of the accident. The commission ordered that the carrier be given credit for the full amount received by claimant in settlement of his case against the third party tort-feasors. This final award of the commission was upheld by the judgment of the trial court. The carrier seeks review by writ of error directed to that judgment.

### Question to be Determined.

*Does a claimant's conduct in accepting compensation from his employer for injuries received in the course of his employment, and thereafter commencing an action against third persons alleged to be responsible for his injuries and settling his claim against such persons without consent of the compensation insurance carrier, bar him from pursuing his claim for workmen's compensation?*

The question is answered in the negative. The

question involves an interpretation of C.R.S. 1953, 81-13-8, as that section read prior to the amendment adopted in 1959. Pertinent portions of the statute read as follows:

"If any employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee * * * before filing any claim under this article, shall elect in writing whether to take compensation under this chapter or to pursue his remedy against such other. * * * If such injured employee * * * elect to take compensation under this chapter, the awarding of compensation shall operate as and be an assignment of the cause of action against such other * * * to the person, association, corporation, or insurance carrier liable for the payment of such compensation. Said insurance carrier shall not be entitled to recover any sum in excess of the amount of compensation for which said carrier is liable under this chapter to the injured employee, but to that extent said carrier shall be subrogated to the rights of the injured employee against said third party causing the injury. If the injured employee elects to proceed against such other, the state compensation insurance fund, person, association, corporation or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided by this chapter in such case.

" * * * A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only * * * with the written approval of the person, association, corporation, or insurance carrier liable to pay the same. * * * "

 One of the purposes of the Workmen's Compensation Act was to assure employees who are injured in the course of their employment some limited remuneration for the loss sustained thereby without regard to

fault of the employer, assumption of risk, contributory negligence or other principle of law generally applicable to tort actions. The Act preserves to the employee his right to proceed against third parties, who are not co-employees, and whose negligence caused the injuries. In order to avoid a double recovery the legislature provided the above-quoted method of subrogation to the employer or his insurance carrier under which remuneration of the expenditures made under the Act may be recovered by the employer or the carrier from the tort-feasor responsible for the injuries. The injured employee is entitled to any recovery in excess of the compensation received by him under the Act, and if the recovery is less than the compensation the amount thereof is credited to the employer or his insurance carrier.

The statute above quoted clearly indicates that the event which operates as a matter of law to assign the claim against the tort-feasors to the carrier is the "awarding of compensation" by the commission. We think the opinion of this court in *King v. O. P. Baur Confectionery Co.*, 100 Colo. 528, 68 P. (2d) 909, is convincingly applicable. From that opinion we quote:

"The parties, however, are seemingly in concurrence on the proposition, as the statute clearly indicates, that the 'awarding of compensation' is the effective force which assigns the cause of action by operation of law. The determination, therefore, of the question of whether or not there was here in fact an awarding of compensation is necessarily decisive. As we have indicated, the act of a statistician of the Industrial Commission in approving the admission of liability, which was accompanied by the wage history signed by the plaintiff, is relied upon by the defendant as amounting to the awarding of compensation. It is certain that this informal approval does not constitute such a final award of the commission as would be subject to review by a court. The defendant concedes this, but claims that the above

mentioned action of the statistician under Rule 11 of the commission, created a condition whereby the insurance carrier was bound to continue the payments unless relieved from this responsibility by a further order of the commission. Notwithstanding this we do not believe that these circumstances amount to an 'awarding of compensation' as contemplated by section 4461, supra. The rules of procedure of the Industrial Commission, as adopted and promulgated under authority of the Workmen's Compensation Act (Rule 11), recognize three different situations under which compensation is to be paid. First, by admission; second, by order; or, third, by award. The case here is clearly one where liability was established by admission as distinguished from cases where the liability was imposed by order or award and might be defined more correctly as a 'voluntary paying of compensation' rather than as an 'awarding of compensation.'

"The right of election insured to an injured employee, who may have a cause of action in tort against a third party, undoubtedly contemplates the opportunity for deliberation followed by some affirmative action on his part before he can be said to have elected to take compensation. * * *

\* \* \*

"Where no award of compensation has been made, as we have determined the fact to be here, an action by the injured employee against a third party is not precluded by the receipt of payments from the employer or the insurance carrier. This seems to be the general rule in states where the operative agency in the assignment of a cause of action is the awarding of compensation, as is the case in Colorado. (Citing cases.)

"Neither does the mere acceptance of medical, surgical or hospital aid by the employee constitute an election to take compensation. (Citing cases.)"

In *Riss & Co. v. Anderson,* 108 Colo. 78, 114 P.

(2d) 278, the opinion in *King v. Baur,* supra, was cited with approval. The court said, inter alia:

"\* \* \* In the fully considered case of *King v. O. P. Baur Confectionery Co.,* 100 Colo. 528, 68 P. (2d) 909, we held that 'an action by the injured employee against a third party is not precluded by the receipt of payments from the employer or the insurance carrier.' We held further in that case that until compensation is awarded there was no assignment of the cause of action against a third party tort-feasor and that the mere acceptance of payments and medical treatments did not constitute an awarding of compensation within the meaning of the statute. \* \* \* "

To like effect are *Drake v. Hodges,* 114 Colo. 10, 161 P. (2d) 338, and *Hartford Co. v. Clifton,* 117 Colo. 547, 190 P. (2d) 909.

We conclude that until an award was made by the Industrial Commission, in the absence of an election by the claimant to take under the provisions of the Workmen's Compensation Act, there was no assignment of the claim against the tort-feasor, and the carrier did not acquire any control over the right of the claimant to negotiate a settlement as beween himself and those persons against whom the common law action was instituted. No "awarding of compensation" having occurred in proceedings before the commission, and no election by the claimant to take under the Act having been made, the "effective force" required to give rise to subrogation rights, and the right of the carrier to give its consent to a settlement, was absent. Under these circumstances the carrier must be content with the provision of the statute which gives him full credit for the amount received by the claimant in the settlement of the civil action.

The judgment is affirmed.

Mr. Justice Frantz and Mr. Justice Doyle concur.