CENTRAL ELECTRIC SUPPLY COMPANY and Casualty Reciprocal Exchange, Petitioners,

v.

The INDUSTRIAL COMMISSION of Colorado, Charles McGrath, as Director of the Division of Labor, and Robert Duffy, Respondents.

No. 83CA1225.

Colorado Court of Appeals, Div. I.

Sept. 20, 1984.

Rehearing Denied Oct. 25, 1984.

Certiorari Denied April 15, 1985.

Margaret Bates Ellison, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James R. Hubbard, Asst. Atty. Gen., Denver, for respondents Industrial Commission and Charles McGrath.

Dale A. Gerlach, Colorado Springs, for respondent Robert Duffy.

ENOCH, Chief Judge.

In this workmen's compensation case, the employer, Central Electric, and its insurance carrier, Casualty Reciprocal, seek review of the Industrial Commission final order awarding the claimant, Robert Duffy, benefits. We affirm.

In March 1981, Duffy, while acting within the course and scope of his employment, was injured in an automobile accident. In May 1981, Duffy, without the knowledge or consent of either his employer or its insurance carrier and before initiating a workmen's compensation claim, settled a claim against the driver of the other car. In exchange for $6,500 paid by the other driver's insurance company, Duffy released the other driver and his insurance company from all liability. In October 1981, Duffy filed his claim for workmen's compensation benefits.

The sole issue presented for review is whether the Commission erred in concluding that Duffy was not barred from receiving benefits because he had settled a personal injury claim against the third party involved in the accident without the con-

sent of his employer or its insurance carrier.

*Liberty Mutual Insurance Co. v. Industrial Commission,* 145 Colo. 369, 359 P.2d 4 (1961) is dispositive. In that decision, the Supreme Court held that, under the version of the statute then in effect, § 81–13–8, C.R.S.1953, the event which operated, as a matter of law, to assign the claim against the tort-feasor to the workmen's compensation insurer was the "awarding of compensation" by the Commission. Furthermore, the court stated that, until an award was made by the Industrial Commission and in the absence of an election by the claimant to take under the workmen's compensation provisions, there was no assignment of the claim against the tort-feasor, and the carrier did not acquire any control over the right of the claimant to negotiate a settlement as between himself and those persons against whom the common law action was instituted. Under these circumstances, the court concluded that the carrier must be content with the provision of the statute which gives it full credit for the amount received by the claimant in the settlement of the civil action.

 Under the statute now in effect, § 8–52–108, C.R.S., the event which operates to assign the claim against the third party tort-feasor to the insurer is "the payment of compensation," rather than "the awarding of compensation." *See Liberty Mutual, supra.* Here, Duffy did not file any election of remedies nor did he receive any payments from the insurance carrier prior to his third-party settlement. Therefore, there was no assignment of Duffy's claim and the insurer did not acquire any control over Duffy's right to negotiate a settlement. The insurer is, however, entitled to full credit for the amount received by Duffy in the settlement of the civil action. *See Liberty Mutual, supra.* Thus, the Industrial Commission properly concluded that Duffy was not precluded from receiving an award of workmen's compensation benefits.

Order affirmed.

SMITH and METZGER, JJ., concur.