**Will A. BRICKELL, Petitioner,**

v.

**BUSINESS MACHINES, INC., Zurich American Insurance; Banker's Standard Fire & Marine; and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 90CA0047.

Colorado Court of Appeals, Div. I.

Dec. 20, 1990.

Rehearing Denied Feb. 14, 1991.

Certiorari Denied Oct. 7, 1991.

Hall & Evans, Fredric A. Ritsema, David P. Cain, Denver, for respondents Business Machines, Inc. and Zurich American Ins.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carolyn A. Boyd, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Steven U. Mullens, P.C., Karen Lambart Spencer, Colorado Springs, for petitioner.

Glasman, Jaynes & McBride, Ronald C. Jaynes, Denver, for respondents Business Machines, Inc. and Banker's Standard Fire & Marine.

Opinion by Judge COYTE [*]

This workers' compensation case involves two separate work injuries and compensation claims filed by the claimant, Will Brickell. In the first claim, claimant contests an order of the Industrial Claim Appeals Office (Panel) denying his petition to reopen. In the second claim, claimant contests the Panel's determination that he forfeited his right to compensation benefits by settling a third-party claim without the consent of the employer, Business Systems, Inc., and its insurer, Zurich American Insurance (respondents). We set aside both orders.

Claimant was found to be ten percent permanently partially disabled as a working unit following his first industrial injury in 1983. Shortly thereafter, upon return to work, claimant was injured while driving his personal automobile in the course of his

---

[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

employment. Although claimant lost no time from work, he notified the employer of the accident. He also began receiving chiropractic treatment and other medical care, the cost of which was paid by the no fault insurer of his automobile.

In July 1985, claimant elected to receive workers' compensation benefits for his second industrial injury and filed a claim for benefits. However, in the interim between claimant's first and second work injuries, the employer had changed insurance carriers. The record reflects that the claimant and the Division of Labor both attempted without success to ascertain whether the employer was insured at the time of the second injury and, if so, the identity of the carrier. Despite written inquiries to the employer, claimant did not learn the identity of the carrier until January 1988. In the meantime, he had settled his claim against the third-party tortfeasor in the second claim for $25,000. Subsequently, in May 1988, claimant filed a petition to reopen his first claim, alleging a worsening of his condition.

The Administrative Law Judge (ALJ) consolidated the two claims for hearing, and denied the petition to reopen the first claim. However, the ALJ awarded medical benefits for claimant's second injury and granted the respondents an offset credit of $17,486.90, representing the net third-party settlement proceeds received by claimant.

On review, the Panel affirmed the order denying the petition to reopen the first claim. The Panel, however, set aside the award of medical benefits under the second claim. Relying solely on *Peterkin v. Curtis, Inc.*, 729 P.2d 977 (Colo.1986), the Panel ruled that claimant's settlement of the third-party claim without the insurer's consent amounted to a forfeiture of benefits under § 8–52–108(2), C.R.S. (1986 Repl.Vol. 3B) (now codified at § 8–41–203(2), C.R.S. (1990 Cum.Supp.)).

### I.

■ Claimant contends that the Panel erred in setting aside the benefits awarded under the second claim. We agree.

Section 8–52–108(1), C.R.S. (1986 Repl. Vol. 3B) (now codified at § 8–41–203(1), C.R.S. (1990 Cum.Supp.)) provides that if an employee injured by the negligence of a third person elects compensation benefits under the Act:

"[T]he payment of compensation shall operate as and be an assignment of the cause of action to the: . . . [employer] or insurance carrier liable for the payments of such compensation."

This "assignment," being purely statutory, is subject to the terms and conditions imposed by the statute creating it. *See Kirkham v. Hickerson Bros. Truck Co.*, 29 Colo.App. 303, 485 P.2d 513 (1971). Therefore, the event which operates as a matter of law to assignment the third-party claim to the carrier is the "payment of compensation." *See Liberty Mutual Insurance Co. v. Industrial Commission*, 145 Colo. 369, 359 P.2d 4 (1961) (interpreting former statute); *Central Electric Supply Co. v. Industrial Commission*, 698 P.2d 830 (Colo. App.1984).

In his second claim, claimant elected to receive workers' compensation benefits in July 1985. However, the carrier had paid no benefits to claimant at the time of the third-party settlement in June 1987. Therefore, under the clear terms of § 8–52–108(1), the carrier acquired no subrogation rights and no corollary right to control or approve the settlement. *Liberty Mutual Insurance Co. v. Industrial Commission, supra; Central Electric Supply Co. v. Industrial Commission, supra.*

We agree that the Panel's reliance on *Peterkin v. Curtis, Inc., supra,* for a contrary holding was misplaced. Unlike the situation here, the claimant in *Peterkin* was awarded benefits *prior* to the institution of her third-party claim. Thus, the carrier in *Peterkin* had an enforceable right of subrogation at the time of the claimant's unauthorized third-party settlement.

The provisions of § 8–52–108(2), construed by the court in *Peterkin,* have no application where, as here, there has been no assignment of the third-party claim under § 8–52–108(1) in the first instance.

Since the carrier here had no subrogation interest at the time of settlement, the ALJ correctly determined that claimant was not barred from receiving workers' compensation benefits.

 We also reject the carrier's contention that the ALJ erred in reducing its subrogation credit by the amount of attorney costs and expenses incurred by the claimant in securing the settlement. *Kennedy v. Industrial Commission*, 735 P.2d 891 (Colo.App.1986) is dispositive of this contention.

Finally, we agree with the ruling of the ALJ holding the carrier in the second claim liable for the medical and chiropractic costs incurred by claimant prior to the hearing. By failing to tender medical treatment when knowledge of claimant's injury first came to their attention, the respondents waived their right to select a treating physician. *See* § 8–43–404(5)(a), C.R.S. (1990 Cum.Supp.); *Rogers v. Industrial Claim Appeals Office*, 746 P.2d 565 (Colo.App.1987). And, by their continued acquiescence, the respondents waived any objection to claimant's change of physician when, after an initial course of chiropractic treatments, claimant determined that he required medical care. *See Greager v. Industrial Commission*, 701 P.2d 168 (Colo. App.1985).

## II.

The claimant next contends that the Panel erred in affirming the ALJ's order denying his petition to reopen the first claim. The ALJ denied the petition on the ground that claimant had failed to establish an increase in the degree of his industrial disability. This was an erroneous basis on which to deny the petition.

To warrant reopening, a worker need not establish that his or her industrial disability has increased. Rather, reopening is also appropriate if additional medical and temporary disability benefits or vocational rehabilitation benefits are warranted. *Dorman v. B & W Construction Co.*, 765 P.2d 1033 (Colo.App.1988). Because the claimant here presented evidence which could support an award of additional benefits under the first claim, the order denying the petition to reopen must be set aside, and the matter remanded for reconsideration.

The Panel's order on the first claim is set aside. The cause is remanded to the Panel with instructions to remand the cause to the ALJ for appropriate reconsideration of the petition to reopen consistent with the views expressed herein. The Panel's order on the second claim is also set aside, and the cause is remanded with directions to reinstate the ALJ's order.

PIERCE and PLANK, JJ., concur.