(No. 6844. March 25, 1941.)

T. D. O'CONNELL, Appellant, v. NICK IVANKOVICH, Respondent.

[111 Pac. (2d) 888.]

J. F. Martin, for Appellant.

J. M. Lampert and B. W. Oppenheim, Attorneys for Respondent.

MORGAN, J.—This action was commenced by T. D. O'Connell, Electrolux Corporation and Standard Accident Insurance Company against Nick Ivankovich, respondent herein, to recover damages for personal injuries, to O'Connell, by accident, which occurred on the premises of respondent, alleged in the complaint to have been due to the negligence of respondent's employee and agent while acting in the scope of his agency. It appears from the complaint that, at the time of the accident, O'Connell was an employee of Electrolux Corporation, which had a policy of insurance, issued by Standard Accident Insurance Company, in conformity to the workmen's compensation law of Idaho; that because of his accident and injuries O'Connelll made claim for compensation, as provided by the workmen's compensation law, and the Industrial Accident Board made and entered an award of compensation to him against the Electrolux Corporation, his employer, and Standard Accident Insurance Company, its surety, by reason of which they claimed to be subrogated to O'Connell's right of action against respondent to the extent of compensation awarded to him and paid by them.

Respondent demurred to the complaint on the ground of defect, or misjoinder, of parties plaintiff and alleged:

"That the plaintiff T. D. O'Connell is not a proper party plaintiff under the provisions of Section 43-1004 Idaho Code Annotated, it appearing from the allegations of the complaint that he, as an alleged injured employee, has exercised his option to claim compensation under the Workmen's Compensation Law."

It also moved to strike the name of O'Connell, as a party plaintiff, wherever it appeared in the complaint, on the ground stated in the demurrer.

The demurrer and motion were sustained and, O'Con-

nell failing to further plead, judgment was entered wherein it was recited:

"IT IS HEREBY ORDERED AND ADJUDGED, That the complaint herein, so far as the same purports to be the complaint of the plaintiff, T. D. O'Connell, be and the same is hereby dismissed."

The case is here on O'Connell's appeal from the judgment.

The record on appeal was filed August 29, 1940. January 4, 1941, respondent filed a motion to affirm the judgment, accompanied by a notice,

"that on January 14th, 1941, or as early thereafter as counsel can be heard, the Motion to Affirm District Court Judgment a copy of which is hereunto attached, will be presented to the Supreme Court of the State of Idaho." The motion is based on appellant's failure to serve his brief within the time prescribed by Rule 45 of the rules of this court, and for his failure to prosecute the appeal.

Rule 45 requires that, unless otherwise ordered, the brief of appellant must be served within twenty days after the filing of the record on appeal. In this case it was not "otherwise ordered," and it is in the rule provided:

"In case of failure to comply with the requirements of this rule, the court may, on motion or of its own motion, at its discretion, continue or dismiss the cause, or reverse or affirm the judgment, or impose terms upon any party in default."

Appellant's brief was not served until January 15, 1941, and no explanation has been made, nor excuse offered, why Rule 45 has not been conformed to.

The appeal appears to be meritorious, and appellant will not be penalized to the extent of affirming the judgment. Respondent's motion to affirm the judgment is overruled, but, because of appellant's failure to conform to the requirements of Rule 45 of our rules of practice, the costs of printing his brief will not be allowed.

The question presented, on the merits, is as to whether O'Connell was a proper party plaintiff. If he was not, the demurrer and the motion to strike his name from the complaint were properly sustained, and the judgment should be affirmed. If he was a proper party plaintiff

the order sustaining the demurrer and the motion was erroneous, and the judgment should be reversed.

Counsel for respondent, in their brief, point out that, subsequent to the hearing of this case in the district court, and to the entry of the judgment appealed from, we announced two decisions, which are decisive of the question now before us, to-wit: *Dep't of Finance v. Union Pacific R. R. Co.*, 61 Ida. 484, 104 Pac. (2d) 1110 and *Lebak v. Nelson*, 62 Ida. 96, 107 Pac. (2d) 1054. Respondent's counsel say, in submitting the case:

"These two decisions of the Supreme Court have stated the law so far as Idaho is concerned and we shall not argue here for a reversal of those opinions."

 In the Department of Finance case, the question presented here was not passed upon, but the Lebak case is exactly in point and holds, in effect, that the beneficiary of workmen's compensation insurance, who has elected to, and received, the benefits of it, may be properly joined as a plaintiff, with the employer and surety, in an action against a third person for causing the acicdent and resulting injury to the employee.

The judgment is reversed and the cause is remanded with direction to overrule the demurrer and the motion to strike.

Costs, other than for printing brief, are awarded to appellant.

Budge, C. J., and Givens, Holden and Ailshie, JJ., concur.