227 P.2d 361

**LAKE v. STATE et al.**

No. 7592.

Supreme Court of Idaho.

Jan. 29, 1951.

Clarence L. Hillman, E. B. Smith, Boise, for appellant.

Robert E. Smylie, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., Z. Reed Millar, Boise, for respondents.

TAYLOR, Justice.

Appellant was employed by the Department of Agriculture of the State of Idaho. In the course of such employment he was injured on August 28, 1947, under circumstances creating in the J. R. Simplot Company, a third party, a liability to pay damages for such injury. On October 3, 1947, he served notice of injury and claim for compensation on the State Insurance Fund, insurer. Thereafter, the State Insurance Fund voluntarily paid claimant compensation from September 19, 1947, to May 22, 1949, and also voluntarily rendered him hospital and medical services. During this period neither party made any effort to obtain an award or agreement for compensation and none was made or entered.

On May 18, 1948, appellant filed an action for damages against the J. R. Simplot Company charging the injuries (for which his claim to compensation had been previously filed) were caused by the negligence of the Simplot Company. The action was prosecuted to a judgment for $4500, which was paid and satisfied. During the pendency of the action for damages and before the trial thereof, the claimant's attorneys requested the insurer to advance money to the claimant to be used in defraying costs and expenses in that action. The insurer advanced $250 for that purpose, which the claimant repaid with interest when the judgment was satisfied.

Thereafter, the employer and insurer moved for a dismissal of the application for hearing and claim for compensation, upon the ground that, by prosecuting to judgment his common law action against the Simplot Company and accepting satisfaction thereof, claimant had divested the board of jurisdiction to proceed further, and that such action constituted an election of remedy on his part, and a waiver of all rights to compensation under the Workmen's Compensation Law. I.C. § 72–101 et seq. The claimant filed with the board an amended application for hearing. Hearing thereon was denied, the board having concluded first to determine the issues raised by the motion. At the hearing on the motion the claimant tendered to the employer and insurer the sum received by him under and pursuant to the judgment in the damage action, less his costs and expenses in obtaining the judgment. This tender was rejected by the defendants. The motion was granted and order of dismissal entered.

The applicable provision of the statute is as follows: "When an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if

compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person: provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action." Sec. 72–204, I.C.

■ The liability of the employer and surety for compensation is a separate and distinct liability from that of the third party tort-feasor for damages. Dept. of Finance v. Union Pac. R.R. Co., 61 Idaho 484, 104 P.2d 1110; Lebak v. Nelson, 62 Idaho 96, 107 P.2d 1054; Hancock v. Halliday, 67 Idaho 119, 171 P.2d 333; 71 C.J. 239–242. The remedies are, therefore, not inconsistent. U. S. v. Klein, 8 Cir., 153 F.2d 55; McKenzie v. Missouri Stables, 225 Mo.App. 64, 34 S.W.2d 136; McCullough v. John B. Varick Co., 90 N.H. 409, 10 A.2d 245; Newark Paving Co. v. Klotz, 85 N.J.L. 432, 91 A. 91; Wood v. Ford Garage Co., 162 Misc. 87, 293 N.Y.S. 999. From these propositions it follows that the right of subrogation would not exist except for the statute. Metropolitan Casualty Ins. Co. of New York v. Sloss–Sheffield Steel & Iron Co., 241 Ala. 545, 3 So.2d 306. Even after subrogation has accrued by the making of an award, this statute expressly recognizes and preserves claimant's rights in the cause of action against the third party tort-feasor, by providing that if the employer shall recover damages in excess of its liability, such excess shall be paid to the injured employee. This court has held that "the statute does not require an employer to prosecute. It simply gives him the privilege of prosecuting such an action. He may exercise it or not, as he chooses," and "when the employer prosecutes, he must necessarily prosecute the employee's cause of action, in which employee and employer have a joint, contingent interest. The employee is a proper, though not a necessary, party to such an action." Lebak v. Nelson, 62 Idaho 96, 107 P.2d 1054, 1061. In that case the court further said: "But suppose the employer does not choose to exercise the privilege given him by the statute, either because he doesn't care to or by reason of collusion with the wrongdoer. Could either failure of the employer to exercise his privilege, or connivance with the wrongdoer, operate to bar the injured workman from prosecuting his own cause of action to recover damages for his own injuries? Such a construction of the statute would work a gross injustice to the injured workman, and we cannot attribute such an intention to the legislature." In that case an award had been made and the right of subrogation had accrued. The employer, surety, and the children of the deceased employee were all held to be proper parties plaintiff in the damage action.

O'Connell v. Ivankovich, 62 Idaho 328, 111 P.2d 888.

The statutory subrogation is for the benefit of the employer. But if the employer does not choose to avail itself of that right, that fact should not prevent the injured employee, who has a continuing interest in the cause of action, from prosecuting such cause. Here the employer contends that claimant's action destroyed its right of subrogation to its prejudice. During the months intervening between the filing of the claim for compensation and the commencement of the action for damages, the employer did not seek subrogation, Sec. 72–603, I.C., although it had admitted a liability by making payments. Nor did it seek to intervene in the damage action as a prospective subrogee. Perhaps with good reason. The presence of the employer and surety in that case may have reduced the recovery. The employer, in any event, knew the action was pending and advanced money for its prosecution. This clearly indicates that the action was prosecuted by the claimant in his own name with the consent of the employer, and that the employer was not prejudiced thereby. Stone v. George W. Helme Co., 184 Va. 1051, 37 S.E.2d 70; Taylor v. Mt. Vernon-Woodberry Mills, 211 S.C. 414, 45 S.E.2d 809; Keen v. Allison, 166 Tenn. 218, 60 S.W.2d 158; Walters v. Eagle Indemnity Co., 166 Tenn. 383, 61 S.W.2d 666, 88 A.L.R. 654; Hartford Acc. & Indem. Co. v. Christensen, Tex.Civ.App., 223 S.W.2d 45. We are not to be understood as holding that the action of the employer in this respect constituted a waiver of its right of subrogation. However, under such circumstances, and in view of claimant's tender of the proceeds of the damage action, the conclusion is that the employer was not injured in any way.

This court has consistently held that an injured workman is entitled to the full compensation provided by the law. Rivera v. Johnston, Idaho, 225 P.2d 858; Hansen v. Independent School Dist., etc., 57 Idaho 297, 65 P.2d 733. The law itself provides: "No contract, rule, regulation or device whatsoever shall operate to relieve the employer in whole or in part from any liability created by this act, * * *." Sec. 72–205, I.C.

From these considerations and the rule of liberal construction of the Workmen's Compensation Law, we conclude that the jurisdiction of the Industrial Accident Board, invoked by the original claim for compensation, was not divested by the prosecution of the action for damages, nor was appellant's claim for compensation barred thereby.

The order appealed from is reversed and cause is remanded to the board for further proceedings in conformity herewith. Costs to appellant.

GIVENS, C. J., PORTER and KEETON, JJ., and McDOUGALL, District Judge, concur.