Gregorio P. **FEJERAN**, Appellant,

v.

Fred P. **DIEGO**, Appellee.

Arthur **HILBRANDS** and Myrtle E. **Hilbrands**, Appellants,

v.

**FAR EAST TRADING COMPANY**, Inc., Appellee.

Nos. 26090, 26091.

United States Court of Appeals, Ninth Circuit.

March 27, 1972.

---

Howard G. Trapp (argued), of Trapp & Gayle, Agana, Guam, for appellants.

E. R. Crain (argued), of Crain, Rathbun & Shoecraft, Agana, Guam, for appellees.

Before KOELSCH, CARTER and KILKENNY, Circuit Judges.

KOELSCH, Circuit Judge:

These two appeals were consolidated, since the facts and legal issues in both are essentially the same.

Gregorio Fejeran, the plaintiff in No. 26,090, and Myrtle E. Hilbrands who, with her husband, was a plaintiff in No. 26,091, sustained personal injuries during the course of their employment but due to the alleged negligence of persons other than their employers. Each duly commenced a civil suit seeking damages from Fred P. Diego and Far East Trading Company, Inc., respectively, the alleged tort feasors. However, prior to trial the defendants, relying upon Section 37033, Government Code of Guam, moved to dismiss the several damage actions on the ground that the plaintiffs had elected to take workmen's compensation and were no longer entitled to prosecute the said suits. Defendants, asserting that plaintiffs, after commencing their suits, had accepted compensation payments from their employers, argued, in substance, that the acceptance of these payments constituted an election under the above code section to take workmen's compensation as provided by the Guamanian law, and operated to assign their causes of action for damages to their employers. The District court, concluding that it "lacked jurisdiction" granted defendants' motions and denied plaintiffs leave to join or substitute their employers as parties. We conclude that the court erred.

Section 37033, above mentioned, reads in pertinent part as follows:

"When an injury for which compensation is payable under this title shall have been sustained under circumstances creating in some person other

than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this title or obtain damages from or proceed at law against that other person to recover damages. If compensation is claimed and awarded under this title an employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against such other person provided, if the employer shall recover from that other person damages in excess of the compensation already paid or awarded to be paid under this Title, then any such excess. shall be paid to the injured employee, or other person entitled thereto; less the employer's expense and costs of action. . . ."

■ As succinctly stated by the Idaho Supreme Court in Lake v. State, 71 Idaho 107 (1951), 227 P.2d 361, "The liability of the employer and surety for [workmen's] compensation is a separate and distinct liability from that of the third party tort-feasor for damages. (citations omitted)." However, many workmen's compensation statutes, including Section 37033, preclude an injured employee from pursuing both remedies. Thus Section 37033 provides in terms that such employee must make an election. He may either "claim compensation under this title" or "obtain damages from or proceed at law against that other person to recover damages."

There is no evidence in this record that Fejeran or Hilbrands elected compensation; neither "claim[ed] compensation under this Title"; to the contrary both, asserting a common law action "proceed[ed] at law against the other person to recover damages."

■ Moreover, no factual basis exists for the court's conclusion that the plaintiffs' actions and their rights to prosecute them were assigned by operation of law to their employers. Granted, the employers had made some payments to the employees and had paid portions of the latters' medical expenses, but it must be kept in mind that, since the employees' common law rights against the alleged tort feasors were distinct from their rights to compensation, these payments did not operate to subrogate the employers to the plaintiffs' actions against the third persons unless so provided by statute. Lake v. State (supra).

■■ Section 37033, with respect to subrogation, speaks in plain and unmistakable language: It provides that "If compensation is claimed and awarded under this title an employer having paid the compensation . . . shall be subrogated to the rights of the injured employee. . . ." The award is thus constituted the effective event to set an assignment into operation; and, until and unless an award is made by the Commission "under this Title" all payments are of course voluntary and do not transfer the employee's rights to his employer. "Where no award of compensation has been made . . . an action by the injured employee against a third party is not precluded by the receipt of payments from the employer or the insurance carrier. This seems to be the general rule in states where the operative agency in the assignment of the cause of action is the awarding of compensation. . . . Neither does the mere acceptance of medical, surgical or hospital aid by the employee constitute an election to take compensation." Liberty Mutual Ins. Co. v. Industrial Commission, 145 Colo. 369 (1961) 359 P.2d 4, quoting with approval King v. O. P. Baur Confectionery Co., 100 Colo. 528 (1937) 68 P.2d 909; Lake v. State (supra).

■ In neither of the cases here on appeal was there proof of an award by the Commissioner to the injured party. It follows that plaintiffs' rights to prosecute their actions were not barred and

that the actions should not have been dismissed.[1]

The judgments are reversed and the causes are remanded to the district court to proceed to trial.

---

1. This conclusion renders moot plaintiffs' assignment concerning the court's refusal to add or substitute plaintiffs' employ- ers as parties and to continue with the prosecution of the suits.