Myrtle E. HILBRANDS and Guam Maintenance, Inc., Plaintiffs-Appellants,

v.

FAR EAST TRADING COMPANY, INC., Defendant-Appellee.

No. 73–2117.

United States Court of Appeals, Ninth Circuit.

Jan. 23, 1975.

Howard G. Trapp of Trapp & Gayle, Agana, Guam, for plaintiffs-appellants.

Jack Rosenzweig of Crain, Rathbun & Shoecraft, Agana, Guam, for defendant-appellee.

**1322**

## OPINION

Before CHOY and SNEED, Circuit Judges, and BEEKS,* District Judge.

CHOY, Circuit Judge:

This is the second appearance of this matter in this court, the first being reported sub nom. Fejeran v. Diego, 457 F.2d 544 (9th Cir. 1972), which relates the factual background of the case. This court there held that while Mrs. Hilbrands had received compensation payments from her employer, there was no proof of any workmen's compensation award by the Guam Workmen's Compensation Commission (the Commission), therefore § 37033, Government Code of Guam,[1] did not operate to subrogate her employer to her tort action against the alleged tort-feasors. On remand for trial, proof was made in the district court that an award had been made to Mrs. Hilbrands by the Commission.

The district court concluded that since Mrs. Hilbrands had elected to take workmen's compensation, her employer, Guam Maintenance, Inc., was subrogated to her rights against Far East Trading Company, Inc. (Far East). Accordingly, it granted summary judgment against her as no longer the real party in interest under Rule 17(a) F.R.Civ.P. and granted leave to the "assignee of her claim" under § 37033, her employer, to enter the action as plaintiff in her stead.

Guam Maintenance was substituted as a party plaintiff for Mrs. Hilbrands. However, on motion of Far East, Guam Maintenance was dismissed as substituted plaintiff on the basis that the latter's insurance carrier which had paid the workmen's compensation award to Mrs. Hilbrands was subrogated to that employer's rights under Clause 12 of the insurance policy.[2]

Mrs. Hilbrands then moved to vacate the summary judgment against her and the order dismissing Guam Maintenance as her substitute. Her concern was that leaving her employer's insurer as the only potential plaintiff meant the claim would not be pursued because the same insurer covered both Guam Maintenance and Far East. The district court denied the motion. She appeals.[3] We affirm in part, reverse in part and remand.

### Dismissal of Employer

■ Since Guam Maintenance's insurer paid the entire loss suffered by that employer, Guam Maintenance had no interest in the action. United States v. Aetna Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). The district court correctly dismissed the employer as substituted plaintiff and we affirm as to this dismissal.

---

* Honorable William T. Beeks, United States District Judge for the Western District of Washington, sitting by designation.

1. § 37033. Compensation for injuries where third persons are liable. When an injury for which compensation is payable under this Title shall have been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this Title or obtain damages from or proceed at law against that other person to recover damages. If compensation is claimed and awarded under this Title, an employer, having paid the compensation or having become liable therefor, shall be subrogated to the rights of the injured employee to recover against such other person; provided, if the employer shall recover from that other person damages in excess of the compensation already paid or awarded to be paid under this Title, then any such excess shall be paid to the injured employee, or other

person entitled thereto, less the employer's expense and costs of action. The amount of compensation paid by the employer, or the amount of compensation to which the injured employee or his dependents are entitled, shall not be admissible in evidence in any action brought to recover damages. [Included in Original Government Code of Guam enacted by P.L. 1–88, 1952.]

2. Clause 12 reads: "subrogation: In the event of any payment under the policy, the company shall be subrogated to all rights of recovery therefore of the insured and any person entitled to the benefits of this policy against any person or organization, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

3. Her co-plaintiff husband's claims were voluntarily dismissed in order that an appealable final order might be entered.

### Summary Judgment Against
### Mrs. Hilbrands

■ The district court erred when, relying on Rule 17(a) F.R.Civ.P.,[4] it concluded Mrs. Hilbrands could not continue as plaintiff and granted summary judgment against her. Rule 17(a) would control if an interest was transferred prior to the commencement of the suit. Rule 25(c) F.R.Civ.P.[5] applies if the transfer occurs during the pendency of the action. Hyatt Chalet Motels, Inc. v. Salem Bldg. & Constr. Trades Council, 298 F.Supp. 699 (D.Oregon 1968); 3B J. Moore, Federal Practice ¶ 25.08 at 321; 7A C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1958. Here the transfer occurred when Mrs. Hilbrands received her award from the Commission, which event occurred after the suit had been commenced. Thus Rule 25(c) governed.

Far East erroneously argues Rule 25(c) is not applicable when an original plaintiff seeks to continue an action if, as a matter of substantive law, that plaintiff no longer has any cause of action against the defendant. Rule 25, it is true, is procedural and does not provide for the survival of any right of action. Survival of the right does depend on substantive law. Here, however, the right to sue Far East clearly survived as a matter of substantive law after Mrs. Hilbrands was awarded workmen's compensation. That right then passed to her employer's insurer who paid the entire loss the employer suffered. Since the right of action did survive, Rule 25(c), not local law, controlled the manner in which the action proceeded. 3B J. Moore, *supra*, ¶ 25.04 [3] at 141; 7A C. Wright & A. Miller, *supra*, § 1952.

■ The district court would have reached a different result if it had followed Rule 25(c). Under that rule, the original party continues the action unless the new party in interest is substituted on motion. 3B J. Moore, *supra*, ¶ 25.08 at 324; 7A C. Wright & A. Miller, *supra*, § 1958. Here Far East never made a motion for substitution, only the motion for summary judgment against Mrs. Hilbrands. She should, therefore, have been permitted to continue the action.

■ On remand Far East will, of course, have the opportunity to properly present a motion pursuant to Rule 25(c). If this were a typical case the district court in its discretion could then permit Mrs. Hilbrands to continue alone, join the insurer with her, or substitute the insurer for her. This case, however, presents an unusual situation in that the same insurer represents Mrs. Hilbrands' employer and Far East. The insurer's interests are then clearly in conflict with those of Mrs. Hilbrands. In this circumstance Mrs. Hilbrands should be allowed to prosecute this right of action in her own name. Only thus would her interests be protected. While the insurer, therefore, should not be substituted for her, the insurer could of course be joined. See Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956).

Affirmed in part; reversed in part and remanded.

---

4. In relevant part Rule 17(a) provides: " * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

5. Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.