Donald R. BEAVER, Jr., et al., Plaintiffs,

v.

AMBROS, INC., et al., Defendants.

Civ. No. 130–72.

United States District Court of Guam.

April 27, 1977.

Roland H. Acosta, Arriola & Cushnie, Agana, Guam, for plaintiffs.

E. R. Crain, Crain & Shoecraft, Agana, Guam, for defendants.

## MEMORANDUM ORDER

DUENAS, District Judge.

Defendants have filed a motion of Summary Judgement with respect to Plaintiffs Donald R. Beaver, Jr. and Guam Dai-Ichi Hotel, Inc.

Plaintiffs have alleged two causes of action, one founded in strict liability and the other founded in negligence. Regardless of the cause of action, the defendant, New Century Beverage Company, is alleged to have manufactured a bottle of Club Soda and marketed it in Guam under the name of "Belfast Club Soda" through defendant Ambros, Inc.

On or about August 20, 1971 Beaver was an employee of the Guam Dai-Ichi Hotel and is alleged to have been in the process of delivering a bottle of "Belfast Club Soda" to the hotel room of a guest when the bottle of soda exploded and injured Beaver in the right eye causing him to permanently lose his sight in that eye.

Subsequent to his injury Beaver filed a claim under the Workmen's Compensation Law of Guam and received the amount of $6,384.00 from Plaintiff Tokio Marine and Fire Insurance Co., Ltd., hereinafter referred to as "Tokio". Tokio was the Workmen's Compensation insurance carrier for Guam Dai-Ichi Hotel, Inc.

Section 37033 of the Government Code of Guam states:

Compensation for injuries where third persons are liable. When an injury for which compensation is payable under this title shall have been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this title or obtain damages from or proceed at law against that other person to recover damages. If compensation is claimed and awarded under this title an employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against such other person, provided, if the employer shall recover from that other person damages in excess of the compensation already paid or awarded to be paid under this Title, then any such excess shall be paid to the injured employee, or other person entitled thereto; less the employer's expense and costs of action. The amount of compensation paid by the employer, or the amount of compensation

to which the injured employee or his dependents are entitled, shall not be admissable in evidence in any action brought to recover damages. (Included in Original Government Code of Guam enacted by P.L. 1–88, 1952.)

Defendants contend that Beaver is not a real party in interest as required by Rule 17(a) of the Federal Rules of Civil Procedure and consequently summary judgement should be granted in favor of defendants with regard to Beaver. Defendants cite the case of *Hilbrands v. Far East Trading Co., Inc.,* 509 F.2d 1321 (9 Cir. 1975) for the proposition that an injured person who actually collects an award under the Workmen's Compensation law in Guam cannot, subsequent to the collection of the award, file an action against a third party who is liable to the plaintiff for the injury. *Hilbrands,* supra is a case that arose in this Court. In *Hilbrands* the plaintiff filed the tort action and later collected an award under the Workmen's Compensation law. This Court granted a motion for summary judgement against plaintiff on the basis that plaintiff's cause of action was subrogated to the Workmen's Compensation insurance carrier under Guam Government Code Section 37033 and therefore was not the real party in interest as required by Rule 17(a) F.R.Civ.P.

The Court of Appeals reversed on the ground that this Court should have followed Rule 25(c) F.R.Civ.P. which states that if a transfer of interest has occurred then the action may be continued by the original party "unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." The Court of Appeals reasoned that since Mrs. Hilbrands had not received the Workmen's Compensation award at the time she filed her action,

she was therefore the real party in interest. When she received the award her interest was transferred to the insurance company and the trial court should have applied Rule 25(c) instead of Rule 17(a). Implied in the Court of Appeals' decision is a finding that if Mrs. Hilbrands had already received an award prior to the time she filed suit then the court would have been proper in applying Rule 17(a). However, such implication does not necessarily mean that the trial court would have acted properly by dismissing plaintiff's action * under Rule 17(a). The Court of Appeals merely implied that the trial court should apply Rule 17(a) in an instance such as now before the Court. Indeed, dismissal under Rule 17(a) is a result which has not been reached by courts interpreting Workmen's Compensation statutes similar to Section 37033 when faced with a motion similar to the one before the Court.

In *Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956) the Supreme Court held that under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 et seq., an injured employee could accept a workmen's compensation award and subsequently sue a third party tortfeasor in an instance where the compensation insurer has a conflict of interest and where the insurer is guilty of inaction. The Longshoremen's and Harbor Workers' Compensation Act like the Section 37033 provides for an assignment to the employer of an injured employee's cause of action against third party tortfeasor.

■ In the case before the Court it does not appear that a conflict exists between the interest of Tokio, the insurer, and Beaver, the injured employee. However, it is apparent from the record that Tokio had not filed an action against the alleged tortfeasor nine days before the statute of limi-

---

* The *Hilbrands* case went first to the Court of Appeals in 1970. The Court of Appeals reported an opinion on the case which is entitled *Fejeran v. Diego,* 457 F.2d 544 (9 Cir. 1972). In *Fejeran* the Court stated: "However, many workmen's compensation statutes, including Section 37033, preclude an injured employee from pursuing both remedies. Thus Section

37033 provides in terms that such employee must make an election. He may either 'claim compensation under this title' or 'obtain damages from or proceed at law against that other person to recover damages.'" P. 546.

However, this language was dicta and this court is not bound by the Court of Appeals' earlier interpretation of Section 37033.

tation was to have run. Nor did Tokio show any indication of filing such an action. Moreover, the record reflects that Tokio agreed to be joined in this action only under the condition that it not be liable for any legal fees or costs. It is apparent to the Court that in order to protect his interest as provided in Section 37033, Beaver had to resort to filing this action himself. He is therefore a real party in interest. At least two workmen's compensation statutes similar to Section 37033 have been construed to support this view.

In *Towne v. Rizzico,* 113 Vt. 205, 32 A.2d 129, the Supreme Court of Vermont construed a State Workmen's Compensation statute almost exactly like Sec. 37033 in such a way as to allow a suit to be brought in the name of the injured employee on behalf of both the employee and the Workmen's Compensation insurer.

In *Jay v. Chicago Bridge and Iron Co.,* 150 F.2d 247 (10th Cir. 1945) the Court allowed the injured employee to file suit against the tortfeasor after the compensation insurer assigned any claim it had back to the employee. The Court stated:

(5) It is to be borne in mind that it was not the legislative purpose in the enactment of section 42–1–58, supra, to create a shield for a third party tort-feasor. It was not intended to limit or proscribe the liability of such a wrongdoer. It was designed solely to permit an employer or insurance carrier who pays compensation in accordance with the Act to participate in the recovery had from the third party tort-feasor, the participation being limited to the amount of the compensation paid plus the costs of collecting from the wrongdoer. And the only concern of the third party is that he be effectively protected against double suit for the same wrong, that is to say that the suit be brought in the name of the real party in interest and that all those having an interest in the subject matter of the litiga-tion be bound by the judgement. *Johanson v. Cudahy Packing Co.,* [107] Utah [114], 152 P.2d 98.

(6) Since Section 42–1–58, supra, provides that any excess in the recovery over the amount of compensation awarded and paid as compensation shall be paid to the injured employee, or in the case of his death to his dependents, plaintiff has an interest in the subject matter of the action. His interest is the right to the excess. And where the insurance carrier effectively waives its right to bring the action against the third party whose negligence was the proximate cause of the injuries, the injured employee, or in case of his death his dependents, may maintain the suit to enforce the right. *Johanson v. Cudahy Packing Co.,* [107] Utah [114], 152 P.2d 98.

It is therefore ordered that defendant's motion for Summary Judgement with relation to Beaver is denied.

■ Defendant's motion for Summary Judgement with regard to Dai-Ichi Hotel, Inc. is granted since any interest Dai-Ichi Hotel, Inc. has in this action has been subrogated to Tokio. *Hilbrands v. Far East Trading Co., Inc.,* 509 F.2d 1321 (9 Cir. 1975).

Counsel for Dai-Ichi Hotel shall submit an appropriate order granting Summary Judgement.