No. 89-320

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

THE FEDERAL LAND BANK OF SPOKANE,

        Plaintiff and Respondent,

-vs-

DON and MARY LOU REILLY,

        Defendants and Appellants.

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Don Reilly and Mary Lou Reilly, pro se, Hamilton,
Montana

    For Respondent:

        W. Arthur Graham; Graham & Reep, Missoula, Montana

Submitted on Briefs:  Sept. 27, 1989

Decided:    December 1, 1989

Filed

FILED
DEC 1
'89 NOV 84 AM 10 37
ED SMITH, CLERK
MONTANA SUPREME COURT

_____
      Clerk

Justice John C. Sheehy delivered the Opinion of the Court.


Federal Land Bank of Spokane (FLB) filed suit against Don Reilly and Mary Lou Reilly in District Court of the Fourth Judicial District, Ravalli County, for unlawful detainer and for possession of real property purchased by FLB at a nonjudicial foreclosure sale. The court adjudged Don and Mary Lou Reilly guilty of unlawful detainer, dismissed their counterclaims, and ordered them to surrender possession of the premises. Reillys appeal from that judgment. We dismiss the appeal because the issues stated by the Reillys on appeal relate to matters handled and decided by the Federal bankruptcy court. The state district court had no part in deciding those issues.

The issues raised by Reillys are:

1. Whether Federal bankruptcy law prohibited sale of the real property.

2. Whether Federal bankruptcy law removed the trustee of the deed of trust, thus rendering him powerless to proceed with the sale.

3. Whether the trial court erred in ruling the sale could proceed.

On February 18, 1977, Reillys executed a promissory note, secured by deed of trust, to Federal Land Bank of Spokane for the purchase of a ten acre parcel in Ravalli County, Montana. The loan was in the amount of $48,000, with annual installments of $4,466.04 due on February 1 of each year until the year 2007.

Reillys defaulted on their obligation by failing to make the February 1, 1985 and the February 1, 1986 annual

installments. In addition, Reillys were also in default for failing to pay taxes on the property amounting to $1,938.40.

On January 2, 1986, Reillys filed a Chapter 11 bankruptcy petition with the United States Bankruptcy Court for the District of Montana. On April 2, 1986, FLB filed a motion for relief from the automatic stay of bankruptcy. The court granted relief on August 8, 1986, thereby allowing FLB to foreclose on the deed of trust. On March 13, 1987, Farm Credit Bank of Spokane (successor by merger to the FLB), purchased the property at a nonjudicial trustee's sale.

Reillys filed an action and sought a preliminary injunction in the Bankruptcy Court in February of 1987, alleging that the deed of trust on the property was void, due to an error in the legal description. The Bankruptcy Court dismissed the complaint on October 13, 1987, ruling that the parties intended to transfer a valid security interest in the property, and that the error was not fatal to its validity.

Reillys appealed to the U.S. Bankruptcy Appellate Panel. The appeal was referred to the U. S. District Court of Montana, Judge Hatfield presiding. The appeal was dismissed with prejudice on April 27, 1988, and the stay pending appeal lifted.

On May 4, 1989, Reillys were served with a notice of termination of tenancy at will and notice to quit. Reillys continued in their occupation of the premises.

On June 9, 1988, on the motion of creditors, the Chapter 11 case was converted to a Chapter 7 case, despite objection by Reillys.

On June 10, 1988, Reillys were served by FLB with a notice of unlawful detainer and notice to quit. Reillys continued to maintain possession of the premises.

Accordingly, FLB filed a complaint with the District Court of Ravalli County on July 8, 1988, alleging wrongful

detainer and seeking possession of the property. FLB moved for summary judgment. Reillys moved for dismissal and filed a counterclaim, alleging fraud, bad faith, breach of fiduciary duty, tortious interference with contract, and material misrepresentation.

The District Court, Judge Harkin presiding, stated in its memorandum and order of March 3, 1989, that Reillys' assertions that the foreclosure sale was improper was not substantiated by facts. As to the counterclaim, the court determined that it had no jurisdiction to determine the merits of the counterclaim, as the Reillys no longer had standing as Chapter 7 debtors. The Reillys appealed to this Court.

The Reillys raise issues which are based solely on bankruptcy law. The issues raised were previously decided by the United States District Court or are ones which should be decided by the federal courts. Under 28 U.S.C. § 1334, the United States District Court (including the U.S. Bankruptcy Court) has original and exclusive jurisdiction of matters arising under Title 11 of the United States Code.

In addition, Reillys are collaterally estopped from raising the issues on appeal, as the parties, subject matter, issues, and capacities of the parties are the same throughout the bankruptcy and the District Court proceedings in this matter. Stapleton v. First Security Bank (1983), 207 Mont. 248, 258, 675 P.2d 83, 88. Questions regarding the automatic stay and FLB's right to foreclosure have been decided by the Bankruptcy Court and on appeal to the United States Appellate Courts for the Ninth Circuit. Collateral estoppel was designed to prevent just this type of prolonged and repetitive litigation.

Accordingly, the appeal is dismissed. The Bank has asked for damages under Rule 32, M.R.App.P. We determine no

- 4 -

useful purpose would now be served in awarding damages in view of this dismissal. Costs to the Bank.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices