No. 90-341

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

DON BYRON REILLY and MARY LOU REILLY,

    Plaintiffs and Appellants,

-vs-

CITIZENS STATE BANK, IDAHO
FIRST NATIONAL BANK and
FARMERS AND MERCHANTS BANK,

    Defendants and Respondents.



FILED

DEC 19 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        James P. O'Brien, Attorney at Law, Missoula,
        Montana

    For Respondents:

        Randy J. Cox; Boone, Karlberg & Haddon, Missoula,
        Montana
        Bruce Hussey, Attorney at Law, Missoula, Montana

Submitted on Briefs:  November 7, 1991

Decided:  December 19, 1991

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the order of the Fourth Judicial District Court, Ravalli County, denying appellants' motion to set aside a stipulation and order dismissing their case. We affirm.

The issue is whether the District Court erred when it dismissed appellants' tort action with prejudice based upon a stipulation entered into between respondents and a bankruptcy trustee, which lacked notice or consent of a named party.

Appellants filed this lender liability lawsuit on March 25, 1987, almost one and a half years after they filed a bankruptcy petition under Chapter 11 of the United States Bankruptcy Code. After several unsuccessful attempts to complete the Chapter 11 bankruptcy, appellants moved the Bankruptcy Court to dismiss their case. However, on motion of appellants' creditors the Bankruptcy Court converted the case from Chapter 11 to Chapter 7 liquidation over appellants' objections. The Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals affirmed.

Upon conversion to a Chapter 7 liquidation case, an estate was created consisting of all of the appellants' non-exempt property. The Bankruptcy Court appointed a trustee to manage the estate, placing appellants' property in the control of the trustee. The trustee's duties included evaluating appellants' lender liability claim against Citizens State Bank. Upon receiving advice from independent counsel, the trustee settled the claim with Citizens State Bank. The Bankruptcy Court approved the settlement and

2

dismissal from the instant lawsuit, despite appellants' objection. In its order, the Bankruptcy Court declared that the cause of action pending in state court was an asset of the estate, not an asset of the individual debtors, and that it was in the best interest of the estate to settle the claim.

The trustee presented a stipulation for dismissal of the state court proceeding, along with a copy of the Bankruptcy Court's order approving the settlement, to the District Court. The District Court dismissed the lawsuit with prejudice, deeming it fully settled on the merits. Appellants appeal the District Court's denial of their motion to set aside the stipulation and order for dismissal.

Appellants contend that the District Court erred when it dismissed appellants' case with prejudice based upon a stipulation entered into between the respondents and the bankruptcy trustee. Appellants claim error because: (1) the trustee was not a party to the lawsuit; and (2) appellants were not notified of the dismissal nor did they consent to it. Appellants assert that without their consent the District Court lacked the authority to dismiss this lawsuit until the bankruptcy estate was officially substituted as a party to the litigation. We disagree.

Pursuant to federal bankruptcy law, when appellants' Chapter 11 case was involuntarily converted to a Chapter 7 liquidation case, appellants' state cause of action became part of the bankruptcy estate pursuant to 11 U.S.C. § 541(a), and appellants were divested of all right and interest in the lawsuit. Control of

3

the lawsuit vested with the bankruptcy trustee. Sierra Switchboard Co. v. Westinghouse Elec. Corp. (9th Cir. 1986), 789 F.2d 705. As such, the trustee possessed the authority to settle the case. In re Sible (Bankr. D. Mont. 1989), 95 Bankr. 192. The trustee and the Bankruptcy Court concluded that settlement was in the best interest of the estate, disposing of the case on its merits.

Since the instant lawsuit was still pending in state district court, the parties were required to dispose of the case in that forum. The trustee and the respondents entered into a stipulation to dismiss the state court proceeding which was so ordered by the District Court.

Appellants are unsatisfied with the settlement reached between the trustee and Citizens State Bank, and are attempting to use this forum to circumvent adverse Bankruptcy Court proceedings. Appellants' attempts fail because this Court does not have the authority to review issues which are appropriately before the Bankruptcy Court. Federal Land Bank of Spokane v. Reilly (1989), 240 Mont. 147, 149, 783 P.2d 917, 918.

The only issue we are concerned with is whether dismissal of a settled state cause of action, which was pending before a state district court, was appropriate without first giving appellants notice. We conclude that the trustee and respondents were not required to give notice to the appellants regarding the stipulation for dismissal. As previously noted, although appellants remained the named party plaintiffs, conversion of their bankruptcy case from Chapter 11 to Chapter 7 liquidation divested them of all of

their rights in the state court litigation. As a result, appellants lacked standing to object to dismissal.

Appellants contend that they did not lack standing in the state court proceeding and that the trustee was required to substitute the bankruptcy estate as the real party in interest to validate the order of dismissal pursuant to Rules 17(a) and 25(c), M.R.Civ.P. Appellants argue that the District Court's failure to do so constitutes an abuse of discretion warranting reversal.

Upon reviewing the rules cited by appellants, it is evident that Rule 17(a), M.R.Civ.P., is inapplicable and Rule 25(c), M.R.Civ.P., does not mandate substitution. McComb v. Row River Lumber Co. (9th Cir. 1949), 177 F.2d 129, 130. Rule 17(a), M.R.Civ.P., applies when the interest in a case transfers prior to commencement of the case; Rule 25(c), M.R.Civ.P., applies when the interest in a case transfers during the action. 3B Moore's Federal Practice, ¶ 25.08, p. 25-77; Hilbrands v. Far East Trading Co. (9th Cir. 1975), 509 F.2d 1321, 1323.

In the case at bar, since the bankruptcy case was converted after the commencement of the state court litigation, the interest in the action transferred to the bankruptcy trustee during the course of the action making Rule 25(c), M.R.Civ.P., rather than Rule 17(a), M.R.Civ.P., applicable. Rule 25(c), M.R.Civ.P., states:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. . . .

5

Substitution is a matter of convenience within the district court's discretion depending on the exigencies of the situation. 3B Moore's Federal Practice ¶ 25.08, p. 25-77.

The matter presented to the District Court was not exigent. The parties presented a signed stipulation to dismiss the case based upon the Bankruptcy Court's approval of the settlement. Substitution was not necessary since the parties agreed to dismiss the case and the order of dismissal terminated the case.

Based on the foregoing, we hold that the District Court did not err in dismissing the case. Accordingly, the judgment of the District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices