IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 5, 2012 Session

## JANICE LACROIX, et al., v. L.W. MATTESON, INC., et al.

**Appeal from the Circuit Court for Roane County**
**No. 14843     Hon. Russell Simmons, Jr., Judge**

---

**No. E2011-01702-COA-R3-CV-FILED-MAY 29, 2012**

---

Deceased, a resident of Iowa, an employee of plaintiff, delivered materials to the State of Tennessee, and while the materials were being unloaded sustained injuries which resulted in his death, which arose out of the course and scope of his employment. His widow could claim benefits either under the Iowa worker's compensation laws or the State of Tennessee worker's compensation laws, which contain essentially similar provisions. The widow claimed benefits under the Iowa worker's compensation law, and the employer under both laws was entitled to seek subrogation recovery for benefits paid from the alleged third party tort feasors. The State of Iowa would not have jurisdiction over some of the alleged tort feasors, and the employer brought his subrogation action in the State of Tennessee under the Tennessee worker's compensation statutes. Defendants moved for summary judgment and the Trial Court concluded that since the claimant elected to sue under the Iowa worker's compensation statutory scheme, that the employer could not rely on the Tennessee worker's compensation statutes to maintain its action in Tennessee, and dismissed plaintiffs' action. On appeal, we hold that the employer was entitled to employ the Tennessee worker's compensation statute in an effort to recover subrogation benefits against the third party tort feasors.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Scott N. Davis, and Patrick B. Hawley, Chattanooga,  Tennessee, for the appellants, W.W. Transport, Inc., and Sparta Insurance company, as Statutory Subrogees of Janice LaCroix,

surviving spouse of Larry James LaCroix, and timothy J. LaCroix.

Simon Tonkin and Richard D. McNelley, St. Louis, Missouri, and Tony R. Dalton and Dean T. Howell, Knoxville, Tennessee, for the appellees, L.W. Matteson, Inc., and Great Lakes Dredge & Dock Company, LLC.

S. Morris Hadden, Kingsport, Tennessee, and Christopher D. Owens, Johnson City, Tennessee, for the appellee, Sevenson Environmental Services, Inc.

Jefferson C. Orr, Nashville, Tennessee, for the appellee, Jacobs Engineering Group, Inc.

## OPINION

Plaintiffs in this case are Janice LaCroix, surviving spouse of Larry James LaCroix, and Timothy LaCroix, deceased's son, and W.W. Transport, Inc. Defendants are L.W. Matteson, Inc., Great Lakes Dredge & Dock Company, LLC, Sevenson Environmental Services, Inc., and Jacobs Engineering Group, Inc.

The Complaint was filed in the Roane County Circuit Court on January 19, 2011, and alleges that Janice LaCroix is the surviving spouse of Larry LaCroix, and that Timothy LaCroix is his son, and that both are residents of Iowa. Further, that W.W. Transport, Inc., is an Iowa corporation, and was Larry LaCroix's employer.

The Complaint explains that Jacobs, Sevenson, and Matteson were engaged to perform clean-up services at a fly ash recovery area in Kingston, Tennessee, by TVA, and that these defendants were in control of the recovery area at all times. The Complaint alleges that Jacobs was the general contractor in charge of the operations, and that W.W. is an interstate carrier with whom Matteson contracted to haul dredging pipes and other materials from Matteson's headquarters in Iowa to the site. The Complaint alleges that Matteson, as shipper, was responsible for and undertook loading and securing all equipment to be transported by W.W. Further, that W.W. personnel were not responsible for unloading the equipment upon arrival at the site, rather, this was the responsibility of Jacobs, Sevenson, and Matteson.

The Complaint further relates that LaCroix picked up a load of pipes from Matteson on July 17, 2009, and Matteson employees loaded the pipes onto the truck operated by LaCroix, and secured the load. The pipes were stacked in three layers and strapped to the truck's bed with webbing, but Matteson employees failed to use adequate chocks, wedges,

or cradles to secure the pipes. The Complaint states that this failure by Matteson employees caused the load of pipes to have a "concealed instability", which LaCroix was unable to observe or appreciate, and that Matteson employees failed to warn him of the danger.

When LaCroix arrived with his load at the site on July 20, 2009, Matteson employees did not meet him, and neither Jacobs, Sevenson, nor Matteson assigned qualified personnel to ensure that the pipes could be unloaded safely. Further, that LaCroix relied upon the Sevenson employees' expertise and loosened the webbing, and one length of pipe shifted and rolled off, causing severe injuries to LaCroix, resulting in his death.

Next, the Complaint alleges that Great Lakes later acquired all of Matteson's assets and continued Matteson's dredging operations, and that defendants were guilty of negligence and negligence *per se*, that Jacobs had vicarious liability, and that Great Lakes had successor liability. The Complaint sought damages for LaCroix's death, pain and suffering, loss of earnings, and medical expenses, and that they should be awarded damages for loss of consortium and funeral expenses. Further, that W.W., as subrogee pursuant to Tenn. Code Ann. §50-6-112, having paid workers compensation benefits to the widow, was entitled to judgment against defendants of $5 million dollars.

Matteson and Great Lakes filed a Joint Motion to Dismiss or, alternatively, a Motion for Summary Judgment. These defendants claimed that W.W. could not rely on Tenn. Code Ann. §50-6-112 to state a claim, because W.W. could not show that workers compensation benefits were paid under Tennessee law. They also claimed that a wrongful death action was pending in Iowa, and that the Complaint should be dismissed on the ground of *forum non conveniens*. They also claimed the action was barred by the statute of limitations.

Matteson and Great Lakes filed a Statement of Uncontroverted Facts, and stated that: 1) W.W. is an Iowa corporation; 2) LaCroix was a resident of Iowa and his estate is an Iowa estate; 3) Janice and Timothy LaCroix are residents of Iowa, and have filed a wrongful death claim in Iowa; 4) W.W. and its insurer have asserted a lien on the recovery, if any, from the Iowa lawsuit; and 5) workers compensation benefits paid to LaCroix's survivors were paid under Iowa law.

Matteson and Great Lakes also filed a Memorandum, wherein they argued that W.W. had failed to state a claim because it had no standing to bring this lawsuit under Tenn. Code Ann. §50-6-112, because workers compensations benefits were elected and paid under Iowa law.

Sevenson answered, and denied any negligence or liability, and asserted the affirmative defenses of modified comparative fault, lack of duty, statute of limitations, lack

of subject matter jurisdiction, and *forum non conveniens*. Jacobs also filed an Answer, and asserted the Complaint failed to state a claim upon which relief could be granted, and was barred by the statue of limitations. Further, that plaintiffs lacked standing, that the action was barred by the doctrine of comparative fault, and that Jacobs had committed no negligence.

Jacobs also filed a Motion for Summary Judgment, asserting that W.W. could not rely on Tenn. Code Ann. §50-6-112 because workers compensation benefits were not paid under Tennessee law, and because the action was barred by the statute of limitations.

Sevenson filed a Motion for Judgment on the Pleadings, stating that this action was barred by the applicable statute of limitations, and that Tenn. Code Ann. §50-6-112 did not apply because workers compensation benefits were paid in Iowa, rather than Tennessee. Plaintiffs responded to Jacobs' Motion for Summary Judgment, asserting that because LaCroix was killed in Tennessee, his survivors were entitled to claim workers compensation benefits in Tennessee, and thus, Tenn. Code Ann. §50-6-112 would apply. Plaintiffs claimed that Tenn. Code Ann. §50-6-112 extended the statute of limitations for six additional months after one year from the death, such that the Complaint was timely. Plaintiffs also responded to the other motions, essentially in the same manner.

The Trial Court entered a Memorandum Opinion on July 7, 2011, and found that LaCroix was a resident of Iowa, and was employed by W.W., and that LaCroix, in the course of his employment, hauled pipe to a Tennessee work site and was killed due to the negligence of defendants, which entitled him to workers compensation benefits under Tennessee law. The Court found that Ms. LaCroix had applied for and had received benefits under Iowa workers compensation statutes. The Court found that since benefits had been knowingly and voluntarily accepted under the laws of Iowa prior to the filing of this lawsuit, plaintiffs were precluded from receiving benefits in Tennessee, *citing Eadie v. Complete Co., Inc.*, 142 S.W.3d 288 (Tenn. 2004)). The Court reasoned that the employee had no third party tort action under Tenn. Code Ann. §50-6-112(d)(1), and there could be no cause of action to assign to the employer under Tenn. Code Ann. §50-6-112(d)(2). The Court then granted the summary judgment, dismissing all claims against defendants.

Plaintiffs have appealed and raised these issues:

1.  Whether the survivors of an employee killed while working in Tennessee as a consequence of the negligence of third parties may bring a tort claim under Tennessee law against such third parties while accepting workers compensation benefits calculated under the laws of another state?

2.  Whether, pursuant to Tenn. Code Ann. §50-6-112(d), the third party tort

claims of an employee who has suffered a compensable injury in Tennessee are automatically assigned to his employer if not brought by the employee within one year of the date of injury?

3.    Whether third party tortfeasors may assert the doctrine of election of remedies as a defense to third-party tort claims brought pursuant to Tenn. Code Ann. §50-6-112(a)?

The facts involved in this appeal are basically undisputed. LaCroix was killed in Tennessee while he was acting in the course of his employment but was a resident of Iowa. W.W., his employer, is an Iowa corporation, and workers compensation benefits for his death were voluntarily and knowingly accepted by his surviving spouse pursuant to the Iowa Workers Compensation statutory scheme. Ms. LaCroix did not file a wrongful death action until more than one year following LaCroix's death, but she did file such an action in Iowa within the Iowa two-year statute of limitations applicable to wrongful death claims. *See Estate of Dyer v. Krug*, 533 N.W.2d 221 (Iowa 1995).) She did not, however, file a wrongful death action in Tennessee. Rather, W.W. filed the action in Tennessee to protect its subrogation interest, and filed it within six months after the expiration of one year from the date of LaCroix's death. She did not file it in Tennessee (except it name only).

Plaintiffs argue the Trial Court's rationale was error, because the election of remedies doctrine recognized in *Eadie* and relied upon by the Trial Court only states that an employee cannot seek workers compensation benefits in Tennessee after having elected to receive such workers compensation benefits in another state. As our Supreme Court has explained, this rule was developed not to prevent a recovery, but to prevent double recovery for the same injury. *Gray v. Holloway*, 834 S.W.2d 277 (Tenn. 1992). Where a surviving spouse voluntarily and knowingly chooses to receive workers compensation benefits under another state's statutory scheme, she cannot then seek workers compensation benefits for that same injury in Tennessee. *See Eadie* and *Gray*.

The issue before us is whether the Tennessee workers compensation statute would still apply in that situation to allow the employer to file a tort action against a third party who is allegedly liable for the injury for which the employer paid workers comp benefits. The applicable section of the workers compensation statute, Tenn. Code Ann. §50-6-112, states:

(a) When the injury or death for which compensation is payable under this chapter was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, or the injured worker's dependents, shall have the right to take compensation under this chapter, and the injured worker, or those to whom the injured worker's right of action survives at law,

may pursue the injured worker's or their remedy by proper action in a court of competent jurisdiction against the other person.

(b) In the event of a recovery from the other person by the worker, or those to whom the worker's right of action survives, by judgment, settlement or otherwise, the attorney representing the injured worker, or those to whom the injured worker's right of action survives, and effecting the recovery, shall be entitled to a reasonable fee for the attorney's services, and the attorney shall have a first lien for the fees against the recovery; provided, that if the employer has engaged other counsel to represent the employer in effecting recovery against the other person, then a court of competent jurisdiction shall, upon application, apportion the reasonable fee between the attorney for the worker and the attorney for the employer, in proportion to the services rendered.

(c)(1) In the event of a recovery against the third person by the worker, or by those to whom the worker's right of action survives, by judgment, settlement or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien against the recovery, and the employer may intervene in any action to protect and enforce the lien.

(2) In the event the net recovery by the worker, or by those to whom the worker's right of action survives, exceeds the amount paid by the employer, and the employer has not, at the time, paid and discharged the employer's full maximum liability for workers' compensation under this chapter, the employer shall be entitled to a credit on the employer's future liability, as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer.

(3) In the event the worker, or those to whom the worker's right of action survives, effects a recovery, and collection of that recovery, from the other person, by judgment, settlement or otherwise, without intervention by the employer, the employer shall nevertheless be entitled to a credit on the employer's future liability for workers' compensation, as it accrues under this chapter, to the extent of the net recovery.

(d)(1) The action against the other person by the injured worker, or those to whom the injured worker's right of action survives, must be instituted in all cases within one (1) year from the date of injury.

(2) **Failure on the part of the injured worker, or those to whom the injured worker's right of action survives, to bring the action within the one-year period**

**shall operate as an assignment to the employer of any cause of action in tort that the worker, or those to whom the worker's right of action survives, may have against any other person for the injury or death, and the employer may enforce the cause of action in the employer's own name or in the name of the worker, or those to whom the worker's right of action survives, for the employer's benefit, as the employer's interest may appear, and the employer shall have six (6) months after the assignment within which to commence the suit.**

(3) If the cause of action described in subsection (a) arises in a jurisdiction other than this state and the other jurisdiction has a statute of limitations for personal injury and wrongful death greater than the one-year statute of limitations provided in this state, the court hearing the cause of action shall apply the statute of limitations that provides the injured worker, or those to whom the injured worker's right of action survives, the greatest amount of time in which to institute an action.

(4) Under no circumstances shall the negligent party described in subsection (a) benefit from this subsection (d).

(Emphasis added).

Plaintiffs argue that, based on subsection (d)(2), they had the right to bring this action because (1) LaCroix's death occurred in Tennessee and thus his surviving spouse could have chosen to receive benefits under Tennessee workers comp law, thus (2) there was a "death for which compensation is payable under this chapter" which was the result of the negligence of third parties, and (3) the surviving spouse failed to file a wrongful death action against said third parties within one year, such that (4) the cause of action was automatically assigned to the employer who had six months from the one-year anniversary date to file.

Defendants argue that this is an incorrect interpretation of Tenn. Code Ann. §50-6-112, and that the applicability of Tenn. Code Ann. §50-6-112(d)(2) turns completely on whether compensation was "payable under this chapter", i.e. since workers comp benefits were voluntarily accepted under Iowa workers compensation law, then benefits could not also be sought under Tennessee workers compensation law, and thus were not "payable" within the meaning of Tenn. Code Ann. §50-6-112(a), such that no provisions of the statute would apply, including the provisions relating to third party tort claims. Defendants urge that the common definition of "payable" means "due" or "requiring to be paid", and that since no compensation was "payable" pursuant to Tennessee law, there could also be no third party tort claim to assign to the employer. The Trial Court agreed with this interpretation and granted summary judgment to the defendants.

This Court in *Plough, Inc., v. Premier Pneumatics, Inc.,* 660 S.W.2d 495 (Tenn. Ct. App. 1983), *quoting Millican v. Home Stores, Inc.,* 270 S.W.2d 372, 374 (Tenn. 1954), said:

Regarding Tenn. Code Ann. §50-6-112, this Court has previously explained:

Prior to 1949 amendment, the injured employee was precluded from seeking recovery against an alleged wrongdoer in order to attempt to recover fully the damages suffered if the employee had accepted from the employer the workers' compensation benefits provided by the statute. As pointed out by Justice Tomlinson in *Millican*:

> The 1949 amendment was undoubtedly enacted for the purpose of changing this situation by (1) allowing the injured parties to receive from the employer the amount awarded by the statute and (2) at the same time assert his claim against the third party as an alleged wrongdoer for the full measure of damages suffered with (3) the employer having a lien upon the recovery or settlement to the extent of the amount paid by such employer to the employee, or his dependents, under the provisions of the Workmen's Compensation Law; and (4) if the employee or his dependents had not asserted claim against the third party within one year, then, by way of subrogation, the right is given the employer to recover from such third party damages in an amount not to exceed the amount paid or payable by that employer to its employee, or dependents.

The issue in *Plough* was whether the employer could bring an action against additional alleged tortfeasors when the employee had sued some, but not all, potential tortfeasors within the one-year timeframe. This Court went on to state:

The rule of statutory construction to which all others must yield is that the intention of the legislature must prevail. We must assume that the legislature in 1949 was well aware of joint and several liability of tortfeasors which has been the law in this state 'since the memory of man runneth not to the contrary.'

A statute is to be construed with reference to pre-existing law, and it does not change pre-existing law further than it expressly declares or necessarily implies. Defendants-appellees argue that an employer may only sue third parties when the injured employee has failed to sue any third parties within one year of the injury, and that once an injured employee sues a third party, the employer's right to sue additional third parties is pre-empted. This argument has the characteristic of a mirage: it disappears upon close examination. It is based upon an altogether strained and narrow reading of the statute. Legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of

-8-

the entire statute, and without any forced or subtle construction to limit or extend the import of the language. The express language of the statute does not support their argument, and we do not believe that defendants-appellees' proposed construction of the statute is an accurate representation of the legislature's intent. Indeed, the statute was passed to inter alia facilitate an employer's recovery against tortious third parties when the injured employee has failed to bring an action against such tortious third parties.

\* \* \*

It is the duty of the court to reconcile inconsistent or repugnant provisions of a statute, and to construe a statute so that no part will be inoperative, superfluous, void or insignificant. It must give effect to every word, phrase, clause and sentence of the act in order to achieve the Legislature's intent, and it must construe a statute so that no section will destroy another.
By enacting § 50-914 we feel that the Legislature clearly intended to place the pecuniary loss on the author of the misfortune, thus allowing both employer and employee to benefit. It is equally clear that the benefit to the employer in allowing a suit as in the case sub judice does not in any way diminish the benefit to employee. On the other hand, the interpretation of the statute suggested by defendants could allow the real culprit to reap the most benefit.

We hold that under Tenn.Code Ann. § 50-914 (now § 50-6-112) at the expiration of the one year period provided for suit by the employee, the employer has a period of six months within which to sue any alleged tortfeasor not sued by employee.

*Id*. at 498-499(citations omitted).

In this case, it appears that to limit the statutory provisions by defendants' proposed definition of "payable" in the phrase "death for which compensation is payable under this chapter", would be to create a strained and narrow construction of the statute, which negates the statute's purpose of allowing the employer to file suit against third party tortfeasors to protect its subrogation interest, rather than allowing "the real culprit to reap the most benefit". *Id.* As plaintiffs point out, based on established Tennessee law, Ms. LaCroix could have chosen to file for workers compensation benefits in Tennessee because the injury occurred here. *See Bryant v. Seward*, 490 S.W.2d 497 (Tenn. 1973); *Millican v. Liberty Mutual*, 460 S.W.2d 842 (Tenn. 1970). Because she chose to accept benefits under the Iowa workers compensation law does not change the fact that this was a "death for which

compensation is payable under this chapter" pursuant to Tenn. Code Ann. § 50-6-112.[1]

We conclude that our General Assembly, in using the word "payable" did not intend to bar the workers compensation carrier from pursuing subrogation benefits in cases only where workers compensation benefits were paid under the Tennessee statute. The term "payable" is not that restrictive and certainly covers benefits that could be paid in Tennessee, but were paid elsewhere.[2]

In *Mooney v. Stainless, Inc.*, 338 F.2d 127 (6th Cir. 1964), the decedent was killed while working on a tower in Oak Ridge, but was a resident of Illinois and was employed by an Illinois employer. The Atomic Energy Corporation in Oak Ridge hired a contractor to erect three steel towers in Oak Ridge, and the contractor subcontracted with Stainless, a Pennsylvania corporation, to fabricate and erect the towers after the contractor erected the tower bases. Stainless fabricated the towers, and subcontracted with Wood, Mooney's employer, to do the erection. Mooney was killed while he and Wood were erecting the third tower. His widow sought and received workers compensation benefits under Illinois workers comp law, and then filed a wrongful death action in federal court in Tennessee against Stainless, alleging that Stainless was either chargeable with Wood's negligence based on *respondeat superior*, or that if Wood was an independent contractor, he was incompetent to do the tower erection and Stainless should be held liable for negligent hiring of Wood as a sub. *Id.*

Stainless asserted the widow could not recover against Stainless under a *respondeat superior* theory, because this would require Stainless to be considered an employer, and as an employer it could not be sued in tort where the employee had elected and received workers compensation benefits. The court agreed, but ruled that Stainless could be held liable under a third party tort action pursuant to Tennessee workers compensation law, if the widow could show that Wood was an independent contractor and could prove that Stainless was negligent in contracting with Wood. *Id.* Ultimately, the widow was not able to prove negligence, but the significance to this case is that the court did not bar the widow's claim based on tort pursuant to Tenn. Code Ann. § 50-6-112, filed under Tennessee law, simply because the widow had sought and accepted workers compensation benefits in Illinois. *Id.* While the court did not discuss Tenn. Code Ann. § 50-6-112 at any length (and did not discuss the provision assigning the tort claim to the employer if the employee failed to file it within the first year), it did note that both Tennessee and Illinois had statutes providing that

---

[1]Oxford American Dictionary defines "payable" as "that must or may be paid".

[2]*Curtis v. G.E. Capital,* 455 S.W.3d 877 (Tenn. 2005) held that the claim for worker's benefits and the tort action to recover in third party actions are totally separate claims.

an employee who had received workers comp benefits was not precluded from filing a tort action against a third party for the same injury, and thus that there was no conflict of law issue.

Similarly, here, the Iowa workers compensation statute is basically the same as the Tennessee workers compensation statute on this point. Iowa's statute also contains a provision which allows an injured employee to file a tort claim against a third party for the same injury for which he received workers compensation benefits, like in Tenn. Code Ann. §50-6-112. See Iowa Code Ann. §85.22. The Iowa statute provides that the employer who has paid workers compensation benefits has a lien on any recovery in such an action filed by an employee, and that if the employee fails to file such a claim within a certain timeframe, the employer "shall be subrogated to the rights of the employee to maintain the action against such third party, and may recover damages for the injury to the same extent that the employee might", just as Tennessee's statute does. *Id.*

There are no Tennessee State court cases which directly address this issue, but there are cases from other jurisdictions that decide the issue as plaintiffs urge the Court to follow, and in accordance with *Mooney*. *See New York Cent. Rail Co. v. Milhiser,* 106 N.E.2d 453 (Ind. 1952), and *Drake v. Hodges*, 161 Pac. 2d 338 (Co. 1945).

If an employee or his survivors elect not to receive Tennessee workers comp benefits but are entitled to same, they should still, under our statute, be allowed to take advantage of the provision in Tenn. Code Ann. § 50-6-112 allowing for a third party tort claim for the same injury (as was allowed in *Mooney*). And if the employee/survivors are entitled to maintain such an action, it follows that the employer can then maintain such an action between 12-18 months from the date of injury if the employee fails to file it within 12 months, as the statute expressly provides. To hold otherwise would reach a result clearly not intended by the Legislature, which is to "facilitate an employer's recovery against tortious third parties when the injured employee has failed to bring an action against such tortious third parties", as this Court has previously found. *See Plough*.

As this Court found, the "Legislature clearly intended to place the pecuniary loss on the author of the misfortune, thus allowing both employer and employee to benefit. It is equally clear that the benefit to the employer in allowing a suit as in this case, does not in any way diminish the benefit to employee. On the other hand, the interpretation of the statute contended by defendants could allow the real culprit to reap the most benefit." *Plough*, at 498-499. We hold that the Trial Court erred in dismissing the third party claim in this case.

Finally defendant (Sevenson) argues the lawsuit should be dismissed based on *forum non conveniens*. We note that Sevenson has already been dismissed from the Iowa lawsuit

for lack of personal jurisdiction.  While it is true that the survivors are residents of Iowa, Tennessee is likely the only place that all of the third-party tortfeasors can be brought into the same action because of their contacts with Tennessee.  We find this argument is without merit.  The Judgment of the Trial Court is reversed and the cause remanded for further proceedings consistent with this Opinion, with the costs assessed to the defendants.


_____
HERSCHEL PICKENS FRANKS, P.J.